*New-Haven,*
*November,*
*1816.*

Newell
*v.*
The State.

---

NEWELL *against* THE STATE OF CONNECTICUT:

#### IN ERROR.

Where an information for an offence, by reason whereof a forfeiture belongs to the treasury of the state, was presented to a justice of the peace, and a warrant issued thereon, within

THIS was an information against *Newell,* for striking and emitting bills, to be used as a medium of trade, contrary to the statute. The offence was alleged to have been committed in *September,* 1814. The information was exhibited to a justice of the peace, and a warrant issued, in *August,* 1815. In *May,* 1816, the defendant was arrested, examined, and a recognizance taken for his appearance at the next superior court. At the superior court, the defendant pleaded, that the information was not exhibited within one year after the offence was committed. The replication averred,

one year from the commission of the offence, it was held that the offence was not barred by the statute of limitations, although the offender was not arrested, examined or tried, until after the expiration of the year.

that an information was, within one year, exhibited by the state's attorney, to a justice of the peace having cognizance of the offence. To this replication there was a demurrer. The superior court adjudged the replication sufficient; whereupon this writ of error was brought.

*Edwards* and *T. S. Williams*, for the plaintiff in error, contended, that the prosecution was barred by the statute, which provides " that no person shall be indicted, prosecuted, informed against, complained of, or compelled to answer, before any court, assistant, or justice of the peace, within this state, for the breach of any penal law, or for other crime or misdemeanour, by reason whereof a forfeiture belongs to any public treasury, unless the indictment, presentment, information, or complaint, be made and exhibited within one year after the offence is committed."(*a*) This information is not to be considered as *exhibited* until it came before the court having jurisdiction of the offence. Whether the accused be guilty of the offence charged, the justice has no authority to determine : he can only enquire whether there be sufficient evidence to hold to trial. The signing and issuing of the warrant do not prevent the limitation taking effect : they are not the acts required for that purpose. The question before a grand-jury, and before a justice of the peace, is the same, *viz.* is there probable cause ? But a complaint laid before a grand-jury by the attorney, is not *exhibited* within the meaning of the statute. Our construction will not afford impunity to offenders ; inasmuch as the attorney may exhibit an information to a court having jurisdiction of the offence, and such court will issue a warrant, by which the accused, whenever found, may be apprehended.

*E. Perkins*, for the state, relied upon the statutes authorizing informing officers to exhibit complaints and informations to justices of the peace, and empowering them to issue warrants, to examine, and to take recognizances for the appearance at court, of persons accused. When an informing officer has done his duty, by presenting to the appointed magistrate, a complaint or information, the object of the statute is obtained, and the limitation ceases to run. A complaint made to a grand-jury has no legal efficacy. When

(*a*) *Stat. Conn. tit.* 101. *c.* 1. *s.* 1.

*New-Haven,*
November,
1816.

Newell
*v.*
The State.

a bill is found, and returned to the court, the analogy commences between bills of indictment, and complaints to justices of the peace. Then the subject of the charge has come regularly before a court authorized to cause the accused to be arrested, in one case, for the purpose of trial, in the other, for examination.

SWIFT, Ch. J. The question is, what is intended by *exhibiting* a complaint, or information, in criminal cases. The presentment of the complaint, signed by some proper informing officer, to a court or public officer, who has authority to receive the same, and to issue a warrant to apprehend the offender, and bring him to trial, must be a compliance with the law. In this case, a justice of the peace had power to cause the offender to be apprehended; and though he had not final cognizance of the offence, he had power to take proper measures to cause him to appear before a court of competent jurisdiction to try him. To exhibit the information to such public officer, is a strict and literal compliance with the statute; and such has been the immemorial and uniform usage in the state. And unless such power is given to single ministers of justice, a very convenient opportunity would often be afforded to offenders, to escape from justice.

I think there is no error in the judgment complained of.

In this opinion the other Judges severally concurred.

Judgment affirmed.