(Decided 21st December, 1876.)

---

FREDERICK RHINEHART *vs.* THE STATE OF MARY-LAND.

*Bill of Exceptions—Act of 1872, ch. 316, allowing Appeals in Criminal cases.*

A bill of exceptions must be sealed, as well as signed, by the Judge who makes the ruling to which exception is taken. And a bill of exceptions not sealed, though signed, will not be entertained by the Court of Appeals.

Under the Act of 1872, ch. 316, allowing appeals from the rulings of the Court in criminal cases, to entitle the party accused to an appeal, his *counsel* must make oath that the appeal is not taken for delay; and unless it affirmatively appear in the record transmitted to the Court of Appeals, that such oath was made, the appeal will be dismissed.

APPEAL from the Criminal Court of Baltimore City.

*Exception.*—The appellant was indicted for an assault with intent to murder one Patrick Winn. The State offered evidence tending to prove that the appellant committed, without any provocation, a violent assault upon Patrick Winn, and cut him with a knife upon the head and face. The appellant, on his part, offered evidence tending to prove that Patrick Winn, followed by a crowd, approached the appellant, struck him with his fist a violent blow on the neck, and knocked him down ; that while the appellant was down and Winn on top beating him, the appellant drew a common pocket knife, and, in self-defence, inflicted the blows on the head and face of Winn. A witness called by the appellant was asked, what was the relative strength and size of the appellant and Winn? The State objected to the question and the Court (BROWN, J.,) sustained the objection. The defendant excepted. The verdict of the jury was "not guilty of assault with intent to murder, but guilty of common assault." The defendant appealed.

The cause was submitted to BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*Richard J. Gittings*, for the appellant.

*Attorney General Gwinn*, for the appellee.

GRASON, J., delivered the opinion of the Court.

The appeal in this case must be dismissed upon two grounds :

First.—The Act of 1872, ch. 316, allows bills of exceptions in criminal cases in the manner and to the same extent as they are allowed in civil cases ; but to enable this Court to entertain a bill of exceptions, it must be both signed and *sealed* by the Judges who made the rulings

which are excepted to. The bill of exceptions in this case, though signed, is without the seal of the Judge of the Criminal Court of Baltimore City, and is therefore as of little avail as if it were also without the signature of that Judge.

Second.—The Act of 1872, also requires, as an express condition upon which the appeal is allowed, that the *counsel* of the party indicted shall make oath that the appeal is not taken for delay. In the case of *Deckard vs. The State*, 38 *Md.*, 200, this Court said: "This proviso was inserted for the purpose of preventing delay in the punishment of offences, by appeals on points too plain to be controverted. It does not permit a *party* found guilty of crime to secure a postponement of punishment, consequent upon an appeal, by taking this oath, but requires it to be made in all cases where the accused is the appellant, by his *counsel*, thus requiring a solemn pledge from the judgment and conscience of one, who is a member of a learned and honorable profession, that he believes the rulings against his client are erroneous. It is the duty of this Court to see to it, so far as it may have power, that the intention of the Legislature in imposing this wholesome and salutary restriction upon appeals in such cases, is not defeated."

To maintain this salutary restriction this Court will not entertain an appeal in a criminal case, unless the record shows that the required affidavit has been made by the *counsel* of the accused. In this case it is merely stated, "appeal prayed to Court of Appeals by the traverser, and affidavit filed that appeal is not taken for delay."

For aught that appears in the record the affidavit may have been made by the *accused*, when it should *affirmatively* appear that it was made by his *counsel*.

This appeal will therefore be dismissed for the causes herein stated.

*Appeal dismissed.*

(Decided 21st December, 1876.)