## DAVID A. NEFF *vs.* THE STATE OF MARYLAND.

*Appeal in Criminal Cases—Pleas and Evidence in Bastardy Cases—Affidavit that Appeal is not taken for Delay.*

No appeal lies in criminal cases from the rulings of the Court below on demurrer, until after final judgment; and then only by a proceeding in the nature of a writ of error.

To an indictment for bastardy, N. pleaded: 1st. Not guilty. 2nd. That the prosecution was not commenced within a year from the commission of the offence as alleged in the indictment. 3rd. That the prosecution was not commenced within a year from the birth of the child. 4th. That the warrant issued by the justice was not a proper warrant. 5th. That he was arrested on a warrant issued by one O. J. M., justice, and was tried by one J., another justice, and judgment was rendered against him, from which he appealed to the Circuit Court, and was indicted, and the indictment quashed; that he was arrested again and taken before O. J. M., justice, and judgment was again rendered against him, from which he appealed; and that he now appeared to answer to the indictment found on this appeal. The State demurred to the second, fourth and fifth pleas, and joined issue upon the first and third pleas. HELD:

That the second plea was bad, a good plea would have alleged that the prosecution was not begun within a year from the birth of the child; that the fourth and fifth pleas were also bad; that the fifth plea, if intended as a plea to the jurisdiction of the Court, was bad, because it showed that all that was required to give jurisdiction to the Court was done, and that having jurisdiction, the regularity or irregularity of the proceedings before the justice did not affect the questions at issue upon the indictment; and that if the fifth plea was intended as a plea of former acquittal, it was defective because it did not allege that N. had been tried and acquitted, and the quashing of the indictment did not operate as an acquittal, nor did it prevent N. from being again indicted.

The State offered in evidence the warrant issued by O. J. M., justice, the judgment and the recognizance of N., being the proceedings

on which the last indictment against N. was found. On exception, it was HELD:

That this evidence was admissible under the plea of limitations, for the purpose of showing that proceedings were begun against N. within a year from the birth of the child.

N. offered in evidence the judgment and proceedings before J., justice, and proposed to show that the indictment found upon these proceedings was quashed. On exception, it was HELD:

That such evidence was not admissible, either under the plea of not guilty, or the plea of limitations, the only pleas before the jury.

The record to this Court in a criminal case, should state, that the affidavit, that the appeal is not taken for delay, was made by the counsel (naming him,) for the accused; and not merely, that the affidavit was made in due form of law.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*J. N. Willison,* and *W. M. Price,* for the appellant.

The second plea is clearly good. Though stated in different words, it is the same as the third plea, and in fact adopts the very words of Article 70, sec. 10, of the Revised Code. The Court of Appeals has several times decided that the offence is consummated by the birth of the child. In *Bake vs. State,* 21 *Md.,* 426, the Court says: "The prosecution is within the 10th section of the 57th Article of the Code, and must be commenced within one year from *the time of the offence committed,"* which is the language of the plea. To this, the State, by its attorney demurred, thereby admitting the fact as pleaded, which, under the 10th section of the 69th Article of the Revised Code, is a bar to the prosecution.

The warrant issued in this case in the justice was clearly imperfect. The Act of 1871, ch. 13, directs that if the woman shall on oath discover the father of a child, the justice shall discharge her, and shall cause to be arrested and brought before *him* such father, if a resident of the county. The warrant issued in this case by O. J. Moat, a justice of the peace, was, therefore, imperfect and irregular in directing the constable to bring the traverser before him, " or some other justice of the peace." The jurisdiction and mode of proceeding being peculiar, must be exactly pursued. *Root vs. State,* 10 *G. & J.,* 374. As the demurrer to the indictment and record, according to the decision in *Norwood vs. State,* 45 *Md.,* 68, reaches no further than to the indictment, there must be some way of bringing up the proceedings before the justice for review, which is done by the fourth and fifth pleas. The fifth plea is good as a plea to the jurisdiction of the Court.

All the proceedings before the justices in this case, appear to be irregular. It is necessary that the examination of the woman should be taken in writing, and signed by her. (*Latrobe's Justices' Practice, sec.* 994.) It would seem that there ought to be a judgment of " guilty," rendered by the justice, before requiring the party to give security. Judgment, that the defendant shall give security to indemnify the county from all charges that may arise for the maintenance " of an illegitimate female child, begotten upon the body of the said Elizabeth Gibson," does not sufficiently identify the child for the maintenance of which, security is to be given. The recognizance entered into by the appellant for his appearance at Court, in the absence of which, the Court has no jurisdiction, is dated the 26th day of December, 1880, which is the day before the one on which the judgment was rendered.

The appellant in this case, having been taken before Jones, a justice of the peace, having denied the charge,

and entered into a recognizance for his appearance at Court, and a presentment and indictment having been found thereon, and the indictment quashed, and the case dismissed, could he be legally re-arrested on the same warrant, and be compelled a second time, either to give security to indemnify the county, or to enter into a recognizance for his appearance at Court? All the sections of this Article, it is manifest, contemplate *immediate consecutive* and *continued* prosecution of the case. *State vs. Trimble,* 33 *Md.,* 468. As we understand the opinion of the Court of Appeals, in *Root vs. State,* a *procedendo* was not ordered in that case, because no new recognizance could be required by the justice in Carroll County, which would give the Court jurisdiction. Does not the same reasoning apply to this case? The appellant in this case having once entered into a recognizance before the justice, before whom he was first taken for his appearance at Court, and proceedings thereon had, no new proceedings could be instituted before the justice issuing the warrant, which could give the Court jurisdiction. Such experimental proceeding, it seems to us, will not be permitted. For the reason assigned, the Court below erred in ruling good the demurrers to the traverser's pleas, and in admitting the testimony offered by the State, and rejecting that offered by the traverser.

*D. W. Sloan,* and *C. J. M. Gwinn, Attorney-General,* for the appellee.

As to the pleas. The second plea is susceptible of two constructions, one relating to the time of the carnal intercourse between the traverser and the prosecuting witness, the other to the birth of the child, and " if the language used be so obscure and uncertain, that the pleading may be *equally* well understood in two senses, that construction will be given to it, which is most unfavorable to the pleader." *Poe's Pl. and Pr.,* 645.

The third plea explains the pleader's object, and the sense in which he intended the second to be understood, and the time to which they each refer. The indictment alleges that on the 10th day of January, 1879, the traverser did beget, &c., to which he pleads limitations by the second plea, distinguishing that time from the 10th day of October, 1879, when the mother "was then and there delivered," to which a similar plea, (the third,) is filed. Two events were contemplated by the pleader, namely, (first,) the carnal intercourse, not a criminal offence unless followed by (secondly,) the birth of the child, from which latter period limitations to a proceeding under Article 55, Revised Code, begin to run. *Bake vs. State,* 21 *Md.,* 426.

The fourth and fifth pleas answer nothing in the indictment; neither could they be pleas to the jurisdiction.

Having appeared by attorney, and pleaded "not guilty," &c., the jurisdiction is admitted. 1 *Chitty's Pleading,* 444; 2 *Saunders,* 309, *B ; Bac. Ab., Abatement and Pleas, &c.,* 2; 8 *T. R.,* 631.

The warrant in this case, although returnable immediately, *i. e.,* as soon as the prisoner could be apprehended, continued in force until it was *fully* executed and obeyed. *Peak's Rep.,* 234; *Archibold's Crim. Pl. and Pr.,* (1860,) 129, *note.*

The warrant containing all the requirements of Article 55, sec. 2, of the Revised Code, and the words " or some other justice," were surplusage, if however the warrant had been defective, it was cured by the traverser appearing before the justice, denying the charge, and entering into a recognizance for his appearance at Court. *Norwood vs. State,* 45 *Md.,* 73.

The proceedings before Justice Jones, were null and void. The statute referred to, requires the father to be brought before the justice issuing the writ, and must be " exactly pursued." *Root vs. State,* 10 *G. & J.,* 374.

Justice Moat had issued the writ before whom it was returnable, and who alone had jurisdiction over the traverser, when arrested by virtue thereof.·

The ruling of the Court below sustaining the demurrers to the appellant's second, fourth and fifth pleas, are not however before this Court for review; no final judgment having been entered in the case.

The proceeding of the lower Court was founded upon the warrant, judgment of the justice and recognizance of the appellant to appear. *Cushwa vs. State*, 20 *Md.*, 281. The Court below, therefore, properly overruled a general and collective objection to their admissibility in evidence, as shown by the first exception. They were parts of the very case, which it was the business of the Court to review. *Cushwa vs. State*, 20 *Md.*, 281.

The purpose of the particular evidence in the second exception, was to show that there was another prosecution pending, or that the appellant had been convicted, or acquitted of the same offence. If there was a prior indictment pending in the particular Court, (which was not shown,) the appellant might have asked to have it quashed before he was called upon to plead to the indictment in this case. 1 *Chitty's Crim. Law*, 5th *Am. Ed.*, 446; *Whart. on Crim. Pl. and Prac.*, 8th *Ed.*, sec. 389. If he had been before convicted or acquitted of the same charge, he ought to have made such defence by a proper plea in bar. 1 *Chitty's Crim. Law*, 5th *Am. Ed.*, 452, 462. Evidence to make out either of such defences was not admissible under his plea of "not guilty;" and there was no other plea in the case to which the evidence offered by him could be referred; because his fifth plea had been demurred to by the State, and the demurrer had been sustained by the Court.

RobInson, J., delivered the opinion of the Court.

The appellant was indicted for *bastardy*, and pleaded—

1st. Not guilty.

2nd. That the prosecution was not commenced within a year from the commission of the offence as alleged in the indictment.

3rd. That the prosecution was not commenced within a year from the birth of the child.

4th. That the warrant issued by the justice of the peace, was not a proper warrant.

5th. That he was arrested on a warrant issued by one O. J. Moat, justice of the peace, and was tried by one Jones, another justice, and judgment was rendered against him, from which he appealed to the Circuit Court, and was indicted, and the indictment quashed. That he was arrested again and taken before Justice Moat, and judgment was again rendered against him, from which he appealed, and that he now appears to answer to the indictment found on this appeal.

The State demurred to the second, fourth and fifth pleas, and joined issue upon the first and third pleas.

No appeal will lie in criminal cases, from the rulings of the Court on *demurrer*, until after final judgment; and then only by a proceeding in the nature of a writ of error. *Rule* 1, 29 *Md.; Forwood vs. State*, 49 *Md.*, 538.

No judgment has been entered in this case, and the rulings of the Court on the demurrer, are not therefore before us for review in this appeal. The questions raised by the demurrer, have, however, been argued, and as it may prevent a second appeal, we will state briefly our views in regard to the same.

The second plea is a bad plea, because in cases of this kind, *time is not of the essence of the offence,* and the State was not bound to prove that the child was born on the precise day charged in the indictment. The offence was consummated by the birth of the illegitimate child, and it was only necessary for the State to prove that the prosecution commenced within a year from that time. To con-

stitute a good plea of the Statute of Limitations, it was necessary, therefore, to allege that the prosecution was not begun within a year from the birth of child.

The fourth and fifth pleas are also bad pleas. The fifth plea, if intended as a plea to the *jurisdiction* of the Court, is bad, because it shows that the appellant *was arrested* and *was tried*, and *judgment was* entered against him, from which he appealed, by entering into a recognizance for his appearance to the next Circuit Court of the county. This was all that was required to give jurisdiction to the county Court, and having jurisdiction, the regularity or irregularity of the proceedings before the justice of the peace, did not, in any manner affect the questions at issue upon the indictment. On the other hand, if the plea was intended as a plea of *former acquittal*, it is equally defective, because it does not allege that the appellant had been tried and acquitted. The quashing of the indictment did not operate as an acquittal, nor did it prevent the defendant from being again indicted.

We come now to the two exceptions taken to the rulings of the Court, during the progress of the trial.

The demurrer to the second, fourth and fifth pleas, having been sustained, the only questions at issue, were the pleas of "*not guilty*," and the Statute of Limitations.

. In the first exception, the State offered in evidence the warrant issued by Justice Moat, the judgment and recognizance of the appellant, being the proceedings upon which the present indictment was found. This evidence was clearly admissible under the plea of limitations, for the purpose of showing that proceedings were begun against the appellant within a year from the birth of the child, and the objection to its admissibility was, therefore, properly overruled.

In the second exception, the appellant offered in evidence the judgment and proceedings before Justice Jones, and proposed to show that the indictment found upon

Co. Comm'rs of Allegany Co. vs. Co. Comm'rs of Howard Co.

these proceedings was quashed. Such evidence was not admissible, either under the plea of not guilty, or the plea of limitations, and these were the only pleas before the jury. There was no plea therefore, under which such evidence could be admitted, and the objection to it was properly sustained.

In concluding this opinion, we must call attention to the *form of the affidavit.* The law requires that *the counsel for the accused,* shall make affidavit that the appeal is not taken for delay, and we have said that the record must show that the affidavit has been made by the *counsel* of the accused. *Rhinehart vs. State,* 45 *Md.,* 454. The record in this case merely states that the affidavit was made in due form of law. It should have stated that it was made by A. B. counsel for the accused.

*Rulings affirmed.*