## SANFORD S. HAHN *v.* STATE OF MARYLAND

[No. 92, October Term, 1946.]

*Decided March 19, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, GRASON, HENDERSON, and MARKELL, JJ.

*George B. Woelfel* for the appellant.

*Richard W. Case, Assistant Attorney General,* with whom was *Hall Hammond, Attorney General, J. Bernard Wells, State's Attorney for Baltimore City,* and *William J. O'Donnell, Assistant State's Attorney,* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellant, on July 2, 1946, was indicted by the Grand Jury of Baltimore City for bastardy. The indictment states that the child was born on October 8, 1942. To this indictment the appellant filed a special plea of limitations to the effect that no action was commenced within two years after the birth of the child and no money has ever been paid for the child's support. Anno. Code, 1939, Art. 12, Sec. 15. The State traversed this plea, stating that the prosecution was commenced by the filing of an affidavit by the prosecuting witness before a Justice of the Peace for Baltimore City on June 30, 1943, and the issuance of a warrant for the arrest of the applicant on that date; that the warrant was not executed because the appellant was at that time a member of the Armed Forces of the United States and was outside the jurisdiction of the State.

At the conclusion of the State's evidence at the trial, heard before the court without a jury, appellant stated there was no evidence introduced to show that the proceedings were commenced within two years after the birth of the child, nor was there any evidence that the prosecuting witness had ever received any payment from the defendant after the birth of the child. The State's Attorney replied that there was filed in the case with the indictment, the original papers, namely, the oath of the prosecuting witness and the statement by the prosecuting witness made before the magistrate on June 30, 1943, and the warrant issued on that date; and that this commenced the prosecution within the statutory period of two years after the birth of the child. The State's Attorney offered in evidence these original papers, they were admitted over objection, the appellant was found guilty and sentenced to two years in the Maryland House of Correction, from which sentence and judgment the appeal was taken.

Under the bastardy statute, Article 12 of the Annotated Code, a proceeding may be started before any Justice of the Peace upon written information given him under oath by a woman, accusing any person of being the

father of her illegitimate child. The Justice then issues a warrant and upon the appearance of the accused person, the Justice passes an order putting him under bond to appear at court at a time after the birth of the child. The statute provides (Sec. 3), "immediately upon passage of said order, said Justice of the Peace shall transmit the original papers and a transcript of the proceedings had before him" to the court. It is provided by Section 4 that at the hearing before the Justice, he must take down and reduce to writing the testimony of the woman making the complaint, together with her cross-examination, which testimony shall be signed and sworn to by her, and the Justice shall transmit the same with the original papers to the court and "such testimony shall be admitted in evidence at the trial of the accused person * * * if said accusing witness should die prior to the time of such trial." This section was passed by Chapter 163 of the Acts of 1912 and it was construed in the case of *O'Brien v. State,* 126 Md. 270, 94 A. 1034. In that case the warrant, bond and testimony and cross-examination were shown by the evidence to have been mailed by the Justice of the Peace to the clerk of the court but were somehow lost. The contention was made that, unless these papers were filed, the court would not have jurisdiction to indict. This contention was based upon the earlier case of *Cushwa v. State,* 20 Md. 277, which held, under the statute then in force, that the jurisdiction conferred on the court was not original but was in the nature of a review of the judgment of the Justice. The court in the O'Brien case distinguished the prior Act from the Act of 1912, and stated that under the latter Act, the proceeding before the Justice was simply a preliminary examination; that the proceeding before the Justice formed no part of the record; and that no possible use of any of the papers required by the Act of 1912 to be sent to the court could be made at a trial under the indictment, unless for the examination and cross-examination of the woman. The court said that the primary object in requiring the testimony to be taken

down was that the prosecution could have the benefit of the woman's evidence in case of her death before the trial of the case.

The State contends, first, that it is unnecessary to offer formally as evidence the original .papers in a bastardy case because they are a part of the record of the Criminal Court and, second, that if it is necessary to offer them merely to prove the date when the prosecution began, they do not have to be proved by a certification of the record.

If the question is whether a suit was filed or a prosecution commenced within the period permitted by law, it is, of course, permissible to look at the record of the case, to see the date of filing the suit or of bringing the indictment. In the case of *Lichtenberg v. Joyce,* 183 Md. 689, 39 A. 2d 789, 794, we had before us the validity of a plea of limitations which did not specifically state when the suit was filed. We held that the court, in considering the pleadings in the case, could look at the record, stating, "The omission from the plea in this case, of the allegation that the suit was not filed within one year after June 1, 1941, is not, however, fatal. That fact is one which is before the Court from the docket entries and from its own records." In considering the case before us, however, we must bear in mind that what the State was trying to establish was not the date when the papers from the magistrate were filed in the criminal court, which was June 27, 1946. It was the date to be found in these papers when the complaining witnesses swore to them and when the warrant was issued by the magistrate, which was June 30, 1943. This is a fact which has to be proved, just as a date in the indictment is a fact which has to be proved. The fact could be established from the record that the papers from the magistrate were filed in the Criminal Court on a certain date, but the fact that these papers were sworn to on another previous date is a matter of evidence to be proved, as are other facts. It is true that in the case of *Kelly v. State,* 151 Md. 87, 133 A. 899, 901, when

this Court was discussing the difference in procedure made by the Act of 1912, Chapter 163, it said that the proceedings before the magistrate provided by the later Act were a "preliminary procedural method of bringing the crime to the attention of the court." But even if the magistrate is, as contended by the State, an adjunct to or an arm of the Criminal Court in bastardy cases, that does not make the facts stated in his record evidence any more than are the facts stated in the indictment of the grand jury evidence at the trial.

The other contention of the State is that the original papers were not introduced into evidence in the Criminal Court for the purpose of proving their contents but merely to prove a collateral fact, that is the time when the prosecution began. But this so-called collateral fact is part of the contents of the papers.

In the case of *Neff v. State,* 57 Md. 385, tried under the old law, the State offered in evidence the warrant, judgment and recognizance of the magistrate solely for proving the proceedings were instituted in time. The court admitted them for this purpose, but an examination of the contents of the record in that case shows that the magistrate was called as a witness and identified the papers. We do not think that the mere fact that the papers are now required to be filed for certain specific purposes changes the method of proof. They are still the records of the magistrate, and they still have to be proved in the same way as are other proceedings taken before a Justice of the Peace who is not a court of record. *Fahey v. Mottu,* 67 Md. 250, 10 A. 68; *County Com'rs for Charles County v. Wilmer,* 131 Md. 175, 101 A. 686. They can be proved by the Justice himself or by any one familiar with his signature. When so proved, they are admissible in evidence to prove the date on which the warrant was issued. Other means also might be adopted to prove this date, but as no question as to such proof is before us, we shall refrain from saying more than that the papers themselves are not admissible in evidence to

establish any fact contained within them, including a date, without proof of their validity.

The judgment and sentence will have to be reversed and the case remanded for a new trial.

> *Judgment and sentence reversed and case remanded for a new trial.*