## STATE OF MARYLAND, *v.* WILLIAM MARS

[No. 542, September Term, 1977.]

*Decided June 7, 1978.*

The cause was argued before GILBERT, C. J., and MOYLAN and LISS, JJ.

*Bruce C. Spizler, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and *Paul S. Podolak, Assistant State's Attorney for Cecil County,* on the brief, for appellant.

*William B. Calvert,* with whom were *O. Robert Lidums* and *Rollins & Calvert* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

This appeal by the State involves exclusively the application of the Maryland Statute of Limitations in non-penitentiary misdemeanor cases. The Annotated Code of Maryland, Courts and Judicial Proceedings Article, § 5-106 (a), provides:

> "Except as provided by this section, a prosecution for a misdemeanor not made punishable by confinement in the penitentiary by statute shall be instituted within one year after the offense was committed."

The appellee in this case, William Mars, was initially indicted by a Cecil County grand jury of 1) false pretenses, 2) conspiracy to commit false pretenses, 3) conspiracy with a public officer to commit malfeasance in office and 4) conspiracy with a public officer to commit misfeasance in office. The latter three of these charges represent non-penitentiary misdemeanors so as to require that a

prosecution for them must be "instituted within one year after the offense was committed."

The evidence established that the offenses in this case took place on September 2, 1975. Warrants of arrest were issued on August 20, 1976, well within the period of limitations. The Cecil County grand jury heard evidence and returned an indictment on September 16, 1976, two weeks beyond the one-year period of limitations. Upon that basis, the appellee moved pretrial to dismiss the indictment. A hearing was held in the Circuit Court for Cecil County and the Motion to Dismiss was granted.[1] The State has taken a timely appeal.

As to what action constitutes the commencement of prosecution so as to stop the running of the Statute of Limitations, the Maryland law is clear that the issuance of an arrest warrant constitutes such action. This Court so held in *McMorris v. State,* 26 Md. App. 660. In affirming that action by this Court, the Court of Appeals, speaking through Judge Smith, undertook a scholarly analysis of the earlier law in this State and of the case law around the country. *McMorris v. State,* 277 Md. 62. Judge Smith pointed out, at 277 Md. 67-68:

> "Implicit in the holdings of this Court in *Hahn* and *Neff* is the proposition that one looks at the date of issuance of a warrant rather than the date of a subsequent grand jury indictment to determine whether the statute of limitations has been tolled. In *Hahn* the warrant apparently was issued by a justice of the peace on June 30, 1943. The indictment was filed on July 2, 1946. The charge was bastardy. The child was born October 8, 1942. The statute of limitations was two years. . . .
>
> The plain implication of that decision is that the statute of limitations would have been tolled in that case had there been proper proof of the issuance of the warrant.

---

1. The Motion to Dismiss was granted as to counts 2, 3 and 4. The appellee actually went to trial on the first count and was found not guilty by a jury.

It is stated in 21 Am.Jur.2d *Criminal Law* § 161 (1965):

> 'The statute of limitations runs from the time the offense is committed until the prosecution is commenced, unless some intervening act occurs to interrupt it. If the finding of an indictment or the filing of an information is the first step in a criminal case, the prosecution is commenced by the finding and return of the indictment or the filing of the information, and the running of the statute is thereby stopped. But when, as is usually the case, there are preliminary proceedings, the prosecution is commenced and the statute is tolled at the time a complaint is laid before a magistrate and a warrant of arrest is issued. . . .' *Id.* at 228."

The appellee recognizes this undisputed principle of law in the abstract but he attempts to engraft upon it a qualification that an arrest warrant will not stop the running of the Statute of Limitations unless there is "a good faith attempt to serve the warrant." Except by the most strained of reasoning, he offers us no authority for the legal principle he seeks to establish. He points to the fact that in the *McMorris* case, the recitation of facts includes a mention that efforts were made, albeit unsuccessfully, to serve the warrant immediately in that case. The clear holding by this Court, at 26 Md. App. 670, did not embrace the peripheral description of the facts in that case as a *sine qua non* for the holding. It rather stated flatly:

> "We hold that issuance of the arrest warrant by the District Court tolled the statute of limitations. The prosecution of McMorris was timely."

The Court of Appeals, in its *McMorris* decision, did not even bother to include within its statement of facts the mention of the effort at immediate service relied upon so critically by the appellee here. The holding of the Court of Appeals was not in any way qualified:

> "We hold that the prosecution was 'commenced'

440

or 'instituted' upon the issuance of the arrest warrant in the District Court. Since this took place less than one year from the date of the offense, it follows that the prosecution is not barred by the statute of limitations." 277 Md. at 70.

The earlier Maryland decision of *Hahn v. State,* 188 Md. 166, offers no support for the appellee's position. In that case, the charge was bastardy and the statute of limitations was two years. The child was born October 8, 1942, which event commenced the running of the statute. A warrant of arrest was apparently issued by a justice of the peace on June 30, 1943, well within the period of limitations. The indictment was returned on July 2, 1946, almost two years beyond the period of limitations. In explaining why delays of such magnitude had apparently occurred, the Court mentioned the fact that the defendant in that case was outside the United States in the armed services. The entire holding in the *Hahn* case, however, deals with the adequacy of proof of the issuance of the arrest warrant. As that decision was analyzed by Judge Smith in *McMorris,* at 277 Md. 68:

"The plain implication of that decision is that the statute of limitations would have been tolled in that case had there been proper proof of the issuance of the warrant."

The appellee relies upon his proffer of testimony to the effect that the State acknowledged that its purpose in obtaining arrest warrants was to stop the running of the statute of limitations. Although there was some very real, albeit imprecise, dispute evidenced in the record as to what statement of facts was actually agreed upon, see *Barnes v. State,* 31 Md. App. 25, it is a distinction without a difference for present purposes. Even accepting that version most favorable to the appellee, it does not establish any procedural impropriety on the part of the State. It is perfectly true in this case, and in all cases, that the State could proceed immediately to the grand jury stage and forego the arrest warrant stage. The fact that it was alert to the limitations problem and the fact that it eschewed a shortcut and went

the warrant route for the deliberate purpose of "commencing" prosecution before limitations had run is not an uncommendable act. Indeed, the propriety of obtaining a warrant in the District Court even while determined to proceed onward to the grand jury stage was endorsed by the well-reasoned analysis of Judge Smith in *McMorris*, at 277 Md. 69-70:

"If the State had brought McMorris to trial on this warrant in the District Court, no question relative to limitations properly could have been raised. It elected to obtain an indictment which included charges which could not be tried in the District Court, being beyond its jurisdiction. We do not interpret, as does McMorris, the fact that the State took all charges before the grand jury as such an abandonment of the earlier proceedings in the District Court as to cause the period of limitations to be judged from the date of the indictment. Such a holding would be contrary to the reasoning of our predecessors in *Hahn, Kiefer,* and *Neff.* The proceeding before the grand jury was but a continuation of the proceeding in the District Court. It was in the interest of the orderly administration of justice that all of the charges growing out of the incidents of January 23, 1973, were consolidated into one indictment so that they might be tried together. Obviously, trial of the conspiracy charge in the District Court and the distribution charge in the circuit court would have involved two appearances for counsel on both sides as well as for the witnesses. McMorris might well have regarded himself as being unduly harassed by the State by such a procedure."

By the same token, an acknowledgement on the part of the State that it might have aborted the prosecution (and thereby never served the warrants) had the grand jury failed to return an indictment in no way indicates any impropriety in the commencement of the prosecution. Ongoing developments constantly call for the continuing reevaluation of any case.

442

This prosecution was commenced within the one year period of limitations and the commencement was not tainted. It should have been permitted to run its normal course.

*Order to dismiss counts 2, 3 and 4 reversed; case remanded for trial; costs to be paid by appellee.*