## STATE OF CONNECTICUT *v.* EDWARD KRUELSKI, JR.
### (14813)

Dupont, C. J., and Heiman and Hull, Js

Argued January 18—officially released May 28, 1996

*Robert L. Marconi*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellant (state).

*Paul D. Eschuk*, assistant public defender, for the appellee (defendant).

HULL, J. The state appeals from a judgment of acquittal[1] on the charge of offering to make home improvements without being registered in violation of General Statutes § 20-427 (b) (5).[2] Such a violation is designated a class B misdemeanor; General Statutes § 20-427 (c) (1); and carries a penalty of imprisonment for not more

---

[1] On May 3, 1995, the trial court granted the defendant's oral motion for judgment of acquittal on the basis that the state did not institute its prosecution within the period of limitations. On May 12, 1995, the state filed a motion for articulation as to whether the court acquitted the defendant or dismissed the information on the basis of the statute of limitations defense. The record reveals no formal action of the court on the motion for articulation. Because the memorandum of decision concludes, "[t]he motion for a judgment of acquittal is, accordingly, granted," we treat the matter as an appeal from a judgment of acquittal. The state was granted permission to appeal from the judgment. See *State* v. *Avcollie*, 178 Conn. 450, 452, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S. Ct. 667, 62 L. Ed. 2d 645 (1980).

[2] General Statutes § 20-427 provides in relevant part: "Holder to exhibit and advertise certificate, when. Prohibited acts. Penalties. Certificates not transferable. Expiration. Renewal. Restoration. Building permits. (a) Each person engaged in making home improvements shall (1) exhibit his certificate of registration upon request by any interested party, (2) state in any advertisement the fact that he is registered, and (3) include his registration number in any advertisement.

"(b) No person shall . . . (5) offer to make or make any home improvement without having a current certificate of registration under this chapter . . . ."

than one year. General Statutes § 53a-26. The state claims on appeal that (1) the issuance of the warrant for the arrest of the defendant and its service on the defendant, on the facts of this case, tolled the statute of limitations, and (2) a second trial of the defendant would not be barred by the principles of double jeopardy.

The factual findings of the court, which are not challenged in this appeal, are as follows. The work offered to be done comes within the definition of the Home Improvement Act, General Statutes § 20-419 et seq. The defendant did not have a certificate of registration. The state introduced sufficient evidence to sustain a conviction for violation of § 20-427 (b) (5). The offer prohibited by the statute was made on August 24, 1993. In addition, the parties agree that a warrant was issued on August 22, 1994, although the warrant was not served and the defendant was not arrested until August 25, 1994, one day after the statute of limitations ran.

On the first issue, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings. Because the judgment is set aside, we need not reach the state's second issue.

I

The state claims that the statute of limitations was satisfied because the warrant was issued within one year of the offer to perform a home improvement without a certificate as prohibited by the statute, and that it was not necessary for the warrant to be delivered to a proper officer for service or actually served within the one year period, provided that it was executed without unreasonable delay. General Statutes § 54-193, entitled "Limitation of prosecutions for various offenses," provides in relevant part: "(b) No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d, for which the punish-

ment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d, except within one year next after the offense has been committed. . . ." Thus, since the crime charged here carries a penalty of imprisonment of not more than one year, the applicable statute of limitations is one year after the offense was committed.

The trial court determined that the defendant's motion for acquittal raised the question of the meaning of the word "prosecuted" in § 54-193 (b). To answer this question, the court relied on *State* v. *Crawford*, 202 Conn. 443, 521 A.2d 1034 (1987), and concluded that both issuance of a warrant and delivery to a proper officer for service are necessary to toll the statute of limitations. The court then considered the evidence concerning delivery of the warrant to the Ridgefield police. Because the offer prohibited by the statute occurred on August 24, 1993, and the warrant was not delivered to a proper officer for service until August 25, 1994, one day after the statute expired, the court concluded that the defense had met its burden on its special defense of the statute of limitations. The court did not consider the date of execution of the warrant in its analysis, but relied solely on the date of delivery of the warrant to a proper officer. We disagree with the court's reading of *State* v. *Crawford*, supra, 443.

A statute of limitations is the primary safeguard by which a citizen is protected from stale prosecutions. *United States* v. *Marion*, 404 U.S. 307, 322, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971); *United States* v. *Ewell*, 383 U.S. 116, 122, 86 S. Ct. 773, 15 L. Ed. 2d 627 (1966); *State* v. *Baker*, 164 Conn. 295, 296, 320 A.2d 801 (1973); *State* v. *Cordova*, 38 Conn. Sup. 377, 379, 448 A.2d 848 (1982). "The purpose of a statute of limitations is to

limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Toussie* v. *United States*, 397 U.S. 112, 114–15, 90 S. Ct. 858, 25 L. Ed. 2d 156 (1970); *State* v. *Cordova*, supra, 379–80. In upholding this safeguard, Connecticut courts consistently have considered only two events when ruling on whether a defendant may successfully raise the statute of limitations as an affirmative defense: (1) the issuance of the warrant by a judicial authority; and (2) the execution or service of the warrant on the accused.

The first Connecticut case concerning a criminal statute of limitations is *Newell* v. *State*, 2 Conn. 38 (1816). The information against Newell alleged that he committed an offense in September, 1814. Id. "The information was exhibited to a justice of the peace, and a warrant issued, in *August*, 1815. In *May*, 1816, the defendant was arrested, examined, and a recognizance taken for his appearance at the next superior court. At the superior court, the defendant pleaded, that the information was not exhibited within" the one year limitation. (Emphasis in original.) Id. The pertinent statute provided: " '[T]hat no person shall be indicted, prosecuted, informed against, complained of, or compelled to answer, before any court, assistant, or justice of the peace, within this state, for the breach of any penal law, or for other crime or misdemeanor, by reason whereof a forfeiture belongs to any public treasury, unless the indictment, presentment, information, or complaint, be made and exhibited within one year after the offence is committed.' " Id., 39.

The defense argued that the case could not be considered exhibited until it came before the court having jurisdiction. In that opinion, notable for its brevity, as well as its directness, Chief Justice Swift stated: "The question is, what is intended by *exhibiting* a complaint, in criminal cases. The presentment of the complaint, signed by some proper informing officer, to a court or public officer, who has authority to receive the same, and to issue a warrant to apprehend the offender, and bring him to trial, must be a compliance with the law." (Emphasis in original.) Id., 40. *Newell*, however, is not directly on point since it rested on the meaning of "exhibited" rather than on the meaning of "prosecuted," as in the present case. It is relevant, nevertheless, by analogy, for the court's unwillingness to extend the elements necessary to toll the statute of limitations beyond the bright line event of the issuance of the information by an appropriate officer.

We next fast-forward to *State* v. *Cordova*, supra, 38 Conn. Sup. 377–78, in which the Appellate Session of the Superior Court considered a prior version of General Statutes (Rev. to 1979) § 54-193 which, although not identical to the statute in this case, contained the relevant language concerning "prosecution" for an offense involved in this case. The defendant was accused of failure, on July 1, 1979, to grant the right-of-way to an emergency vehicle in violation of General Statutes § 14-283. Id. An arrest warrant was signed by a judge of the Superior Court on September 27, 1979, and the defendant was arrested on March 9, 1981. Id., 378. The defendant moved to have the charges dismissed on the ground that he was being prosecuted beyond the one year limitation prescribed by § 54-193. The motion was denied, and the defendant was convicted, from which conviction he appealed. Id.

The Appellate Session stated that "[t]he first issue presented involves the meaning of the word 'prose-

cuted' as it is used in § 54-193; specifically, whether an arrest warrant that is issued within the one-year limitation period governing misdemeanors, but which is executed over one year from the date of the alleged offense, violates this statute of limitations." Id. The state argued that "the mere issuance of a warrant commences prosecution and tolls the limitation period." Id. The defendant contended that "the execution of the arrest warrant commences prosecution for the purpose of satisfying the statute of limitations." Id. The *Cordova* court stated that "[s]ince § 54-193 does not define when prosecution commences, it must be analyzed in the context of the policies underlying the limitations statutes." Id., 379. The court reasoned that the primary protection against an accused's "being prosecuted for stale criminal charges . . . is provided by the statute of limitations." Id. The court further noted that the statute protects against only " 'pre-indictment' delay." Id., 380. " '[P]ost-indictment' delay is protected by the constitutional right to a speedy trial."[3] Id. The court said that the issue before it was "to determine which safeguard is applicable when the arrest is by warrant." Id.

In considering the issue, the court stated that "[t]he general rule is that when an arrest warrant is used to charge the commission of a criminal offense, the mere issuance of the warrant commences prosecution. 1

---

[3] The court noted that "[t]he due process clause of the fifth amendment also protects an accused against oppressive pre-indictment delay. Such a claim, which was not made in [the *Cordova* case or in the present case], requires a showing that the right to a fair trial has been actually and substantially prejudiced, or that the government intentionally delayed in order to gain an advantage." *State* v. *Cordova,* supra, 38 Conn. Sup. 380 n.3.

It is also possible that a defendant's right to a speedy trial might be implicated where there is an inordinate delay between the issuance of a warrant and its execution or delivery. See *Doggett* v. *United States,* 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992) (defendant denied right to speedy trial where, due to government's negligence, his arrest occurred eight and one-half years after he was indicted).

Wharton, [Criminal Law and Procedure (Anderson 1957) § 184, p. 426]; 21 Am. Jur. 2d, Criminal Law § 410; 22 C.J.S. 607–608, Criminal Law § 234." *State* v. *Cordova*, supra, 38 Conn. Sup. 380–81. The court concluded that "by issuing the arrest warrant, with the attached information, the state has filed charges against the defendant that commenced the prosecution and thereby tolled the statute of limitations. Since the asserted delay here occurred after the warrant was issued, this is a case of 'post-indictment' or 'post-charge' delay that must be measured under principles of speedy trial rather than statute of limitations." Id., 381.

We next consider *State* v. *Crawford*, supra, 202 Conn. 443,[4] on which the trial court in the present case claimed to rely in finding "delivery" of the warrant to be an essential element in the prosecution of an offense for purposes of § 54-193. The defendant in *Crawford* was charged with two misdemeanors arising out of the same incident, which occurred on June 5, 1983. An arrest warrant was issued for the defendant on July 22, 1983. The defendant was not arrested until July 29, 1985. The Supreme Court stated that "[t]he only issue raised by this appeal is whether the issuance of the arrest warrant on July 22, 1983, within the period of limitation provided by General Statutes § 54-193 (b), tolled the statute." *State* v. *Crawford*, supra, 447. The court agreed with the state's argument "that the defendant was 'prosecuted' for the purposes of the statute of limitations when a judicial officer, presented with an affidavit and a short form information, which incorporated an application for an arrest warrant and an arrest warrant, found probable cause and issued the arrest warrant . . . ." Id.

The court further expatiated on the controlling law as follows: "Although the purpose of a statute of limita-

---

[4] *State* v. *Crawford*, supra, 202 Conn. 443, is the subject of an extensive annotation in 71 A.L.R.4th 543 (1989).

tions is to ensure a timely commencement of prosecution, jurisdictions differ on what act will suffice to show such commencement. In jurisdictions where legislation requires the finding of an indictment or the filing of an information as the first step in a criminal case, the 'prosecution' is deemed commenced by either of these acts, and the running of the statute of limitations is thereby tolled. 2 W. LaFave & J. Israel, Criminal Procedure § 18.5; see 1 F. Wharton, Criminal Law (14th Ed.) § 90. In the absence of such legislation, however, it is generally held that the prosecution is commenced, and the statute tolled, at the time a complaint is laid before a magistrate and a warrant of arrest is issued. *State* v. *Chacon*, 479 So. 2d 229, 230 (Fla. App. 1985); *McMorris* v. *State*, 277 Md. 62, 67–68, 355 A.2d 438 (1975); *State* v. *Mars*, 39 Md. App. 436, 438, 386 A.2d 1234 (1978); see *Akers* v. *State*, 370 So. 2d 81, 83 (Fla. App. 1979); *State* v. *White*, 76 Kan. 654, 656, 92 P. 829 (1907); 2 W. LaFave & J. Israel, supra [§ 18.5]; 21 Am. Jur. 2d, Criminal Law § 230. The American Law Institute model penal code is in accord. It provides that '[a] prosecution is commenced either when an indictment is found [or an information filed] or when a warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay.' [1 A.L.I., Model Penal Code and Commentaries] (1985) § 1.06 (5); see *State* v. *Barnes*, 66 Or. App. 896, 676 P.2d 344 (1984); *Commonwealth* v. *Patterson*, 236 Pa. Super. 131, 344 A.2d 710 (1975)." *State* v. *Crawford*, supra, 202 Conn. 447–48.

The court specifically "adopt[ed], what we think is the sensible approach of the model penal code, and conclude[d] that, in order to toll the statute of limitations, an arrest warrant, when issued within the time limitations of § 54-193 (b), must be executed without unreasonable delay. We do not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable." (Citation omitted.) Id., 450–51. Thus,

issuance of the warrant and its execution are the only two events we may consider in assessing a statute of limitations defense. Indeed, issuance and execution or service are the only two events we need to consider since any question regarding delay in delivery will necessarily be subsumed into an inquiry into whether the warrant was executed without unreasonable delay.

As in the preceding cases, *State* v. *Saraceno*, 15 Conn. App. 222, 545 A.2d 1116, cert. denied, 209 Conn. 823, 824, 552 A.2d 431, 432 (1988), did not involve whether the delivery to a proper officer tolled the statute of limitations. *Saraceno* cited *Crawford*, however, for the proposition that "[a]lthough General Statutes § 54-193 (b) provides that '[n]o person may be prosecuted for any offense . . . for which punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed,' our Supreme Court has held that the issuance of an arrest warrant tolls the running of the statute of limitations for a crime charged. *State* v. *Crawford*, [supra, 202 Conn. 447]." *State* v. *Saraceno*, supra, 239.

In *State* v. *Ali*, 233 Conn. 403, 660 A.2d 337 (1995), the court applied the model penal code two level inquiry. There the defendant claimed that the trial court improperly failed to instruct the jury as to his affirmative defense that the prosecution on the charge of threatening was commenced beyond the statute of limitations set forth in § 54-193 (b). A warrant for the defendant's arrest was issued on July 19, 1991. On July 5, 1993, the defendant was arrested in Watertown, New York. Id., 409–10. For various reasons, Connecticut police did not press this warrant and notified the New York authorities to release the defendant. A second warrant was issued on August 19, 1993, and the defendant was arrested on August 23, 1993. The Supreme Court stated: "We disagree with the state that the issuance of the initial warrant unequivocally satisfied the statute

of limitations. Moreover, we disagree with the state that the defendant's departure from the state is dispositive of this issue. Rather, we conclude that the outcome is controlled by *State* v. *Crawford*, [supra, 202 Conn. 443], wherein we held that the issuance of an arrest warrant qualifies as a 'prosecution' within the meaning of § 54-193 (b) only if the state executes it without unreasonable delay and that, in determining whether the state executed the warrant without unreasonable delay, the fact finder may consider whether the defendant left the jurisdiction and was difficult to apprehend." *State* v. *Ali*, supra, 412. The court then quoted a lengthy passage from *Crawford* in support of that proposition. Id., 412–16. It is noteworthy that no mention is made of when delivery of the warrant to a proper officer occurred.

The most recent case addressing this issue is *State* v. *Figueroa*, 235 Conn. 145, 665 A.2d 63 (1995). In *Figueroa*, the defendant claimed that the trial court improperly denied his motion to dismiss on the grounds that service or execution of the arrest warrant had been unreasonably delayed and that the prosecution had not been initiated within the applicable statute of limitations. Id., 175. The warrant for the arrest of the defendant was secured in September, 1984, but was not served until 1990 because the defendant was considered a fugitive by the police. The trial court had denied the motion to dismiss, finding that the service of the arrest warrant had not been unreasonably delayed. Id., 176–77. In overruling the defendant's claim, the Supreme Court cited the controlling law. " 'The issuance of an arrest warrant is sufficient "prosecution" to satisfy the statute of limitations only if the warrant is executed with due diligence.' *State* v. *Ali*, [supra, 233 Conn. 416]; see *State* v. *Crawford*, supra, 202 Conn. 447. ' "A reasonable period of time is a question of fact that will depend on the circumstances of each case. If the facts indicate that an accused consciously eluded the authorities, or for

other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable." ' *State* v. *Ali*, supra, 415, quoting *State* v. *Crawford*, supra, 451. Thus, if the defendant puts forward evidence to suggest that the state reasonably could have executed the warrant sooner, 'the issue of whether the state executed the warrant within a reasonable period of time [is] properly a question of fact for the jury.' *State* v. *Ali*, supra, 416." *State* v. *Figueroa*, supra, 178.

The defendant, in his brief and at oral argument, and the dissent claim that the holding of *State* v. *Crawford*, supra, 202 Conn. 452, is that *delivery* to a proper officer for service is the triggering event in determining whether a statute of limitations has been tolled. We disagree with the defendant and the dissent. Our conclusion is based on the clear language of the concluding paragraph of *Crawford*: "The timely issuance of [an] arrest warrant toll[s] the statute of limitations in the absence of an evidentiary showing of unreasonable delay in its service upon [a] defendant. [1 A.L.I., Model Penal Code and Commentaries, supra, § 1.06 (5)]." *State* v. *Crawford*, supra, 452.

Our case law has consistently followed the model penal code. The model penal code provides that a prosecution begins when an arrest warrant is issued, provided it is executed or served without unreasonable delay. Although the trial court in its memorandum of decision did not find the date of issuance of the warrant, the parties agree that it was issued on August 22, 1994, within the one year statute. The court found that the warrant was served or executed on August 25, 1994, one day after the statute ran. We conclude, as a matter of law, that this one day delay was not an unreasonable delay vitiating the tolling of the statute of limitations.

## II

The state's second claim is that a second trial is not barred by the double jeopardy clause of the fifth amend-

ment to the constitution of the United States, and the due process provisions of article first, § 8, of the constitution of Connecticut. We need not decide this issue because the defendant has not twice been put to trial on the same offense. On remand, the state may nolle the charge or the defendant may plead guilty. It is not known whether the defendant will face the pending charge again. Double jeopardy is a nonissue in this case, an appellate chimera.

The judgment granting the motion for acquittal is reversed and the case is remanded for further proceedings.

In this opinion DUPONT, C. J., concurred.

HEIMAN, J., dissenting. I believe that the result reached by the majority is incorrect. Accordingly, I respectfully dissent.

In my opinion, the trial court properly determined that the one year statute of limitations had expired prior to the commencement of the defendant's "prosecution." See General Statutes § 54-193 (b). I base my conclusion on *State* v. *Crawford*, 202 Conn. 443, 521 A.2d 1034 (1987). On the basis of *Crawford*, I believe that the judgment of acquittal should be affirmed.[1]

The following undisputed facts are relevant to my conclusion. The defendant was charged with offering to make home improvements without being registered in violation of General Statutes § 20-427 (b) (5). The information charging the defendant was signed by an assistant state's attorney and alleged that the defendant had committed the violation in Ridgefield on August 24, 1993. On August 22, 1994, almost one year after the alleged violation, a judge of the Superior Court issued

---

[1] Because I conclude that the judgment of acquittal should be affirmed, I do not discuss the second issue raised on appeal regarding double jeopardy.

a warrant for the defendant's arrest. There is no written record of when the arrest warrant was received by the Ridgefield police department for service on the defendant. The department does not have a system in place for determining the time that they receive arrest warrants. Detective Michael Gates was the Ridgefield police officer responsible for serving arrest warrants such as the one here. Gates worked on August 24, 1994, from 4 p.m. until midnight. As of the end of his shift, at midnight, August 24, 1994, Gates had not received the arrest warrant for the defendant. At that point, one year had elapsed since the defendant had allegedly violated the statute in question. Gates received the arrest warrant at 4 p.m. on August 25, 1994, one year and one day after the alleged violation. Gates served the warrant on the defendant and arrested him at 11 p.m. on August 25, 1994.

Pursuant to General Statutes § 54-193 (b), "[n]o person may be prosecuted for any [misdemeanor] . . . except within one year next after the offense has been committed." See *State* v. *Crawford*, supra, 202 Conn. 447. The defendant was charged with committing a class B misdemeanor; General Statutes § 20-427 (c); and therefore had to be "prosecuted" within one year next after the offense had been committed. General Statutes § 54-193 (b). The state alleged that the defendant committed the offense on August 24, 1993. Thus, the defendant had to be "prosecuted" by August 24, 1994, in order for the one year statute of limitations to be satisfied. As previously noted, the arrest warrant for the defendant was issued by a judge of the Superior Court on August 22, 1994, but the evidence indicates that the police both received and served the warrant on the defendant on August 25, 1994, more than one year subsequent to the commission of the offense.

The dispositive issues in this case are (1) what is the definition of the term "prosecuted" as used in § 54-193

(b), and (2) given that definition, was the defendant "prosecuted" within one year after the offense had been committed. The majority holds that pursuant to our Supreme Court's opinion in *State* v. *Crawford*, supra, 202 Conn. 447, a "prosecution" under § 54-193 (b) commences when an arrest warrant is *issued* by a judge of the Superior Court. The majority fails to recognize, however, that according to the text of *Crawford*, the warrant must also be *delivered* to a proper officer for service in order for a "prosecution" to be initiated. Id., 450. In fact, the majority fails to address fully or quote the *Crawford* delivery requirement, stating only that the trial court improperly applied the delivery requirement and that the defendant improperly relied on it. I believe that the delivery requirement set forth in *Crawford* and discounted by the majority is a legitimate requirement that must be met in order for a "prosecution" under § 54-193 (b) to be commenced. Id., 450; see also *State* v. *Ali*, 233 Conn. 403, 414, 660 A.2d 337 (1995); *State* v. *Chacon*, 479 So. 2d 229, 230 (Fla. App. 1985); *State* v. *Hickman*, 189 So. 2d 254, 258, 260, 261–62 (Fla. App. 1966).

In its analysis in *Crawford*, the Supreme Court begins by setting forth the language of § 54-193 (b). *State* v. *Crawford*, supra, 202 Conn. 447. The court concludes that the statute neither defines "prosecuted" nor reveals at what stage of the prosecution the limitation period becomes tolled. Id. The court explains the purpose of a statute of limitations and sets forth the fact that jurisdictions differ as to what act serves to commence a prosecution and toll a statute of limitations. Id., 447–48. The court asserts that in jurisdictions where legislation mandates the finding of an indictment or the filing of an information, the "prosecution" is considered commenced by either of these acts, and the running of the limitation period is thereby tolled. Id., 448. The court further explains that in jurisdictions without such legis-

lation, the prosecution is commenced and the limitation period tolled by the issuance of an arrest warrant by a magistrate. Id. The court points out that the American Law Institute model penal code embraces both methods of commencing a prosecution for the purpose of tolling a statute of limitations. Id.

Following this introductory portion of its analysis, the court next looks to Connecticut law. Id., 448. The court carefully explains the specific method of commencing a prosecution in Connecticut: "In this state, the *initial* step to commence a prosecution, when an arrest is to be made by virtue of a warrant, is the presentation of an application for a warrant, which is accompanied by an affidavit, by a prosecutorial official to a judicial authority. If the judicial authority finds that the accompanying affidavit shows probable cause to believe that an offense has been committed, and that the person complained against committed it, the judicial authority may issue an arrest warrant. General Statutes § 54-2a." (Emphasis added.) Id., 449.

After explaining the *initial* step required to commence a prosecution in Connecticut, the court does not cease its analysis, but, rather, attaches an important condition to the requirements for commencing a prosecution. The court immediately continues its analysis with the following proposition: "When an arrest warrant has been issued, *and the prosecutorial official has promptly delivered it to a proper officer for service, he has done all he can under our existing law to initiate prosecution* and to set in motion the machinery that will provide notice to the accused of the charges against him. *When the prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, the statute of limitations is tolled.* See *State* v. *Hickman,* [supra, 189 So. 2d 261–62]." (Emphasis added.) *State* v. *Craw-*

*ford*, supra, 202 Conn. 450.[2] It is clear that the court did not outrightly adopt the model penal code's rule as to when a prosecution commences, but, instead, the court borrowed from and embellished on the model code's rule.

Thus, contrary to the majority's opinion, the *Crawford* analysis establishes that the mere issuance of an arrest warrant by a judge of the Superior Court is insufficient to commence a prosecution for the purpose of tolling the statute of limitations. In discussing Connecticut law and procedure, the *Crawford* court appended the condition of "delivery" to the model penal code's "issuance" requirement. Id., 450. In doing so, the court deliberately cited *State* v. *Hickman*, supra, 189 So. 2d 261–62, a Florida appeals court case that stands for the proposition that once the *prosecutorial authority* has done everything possible within the limitation period to effectuate an intent to prosecute, the statute of limitations is tolled. *State* v. *Crawford*, supra, 202 Conn. 450. *Hickman* also sets forth the rule that a warrant must be signed by a magistrate *and* delivered to a proper officer for service within the limitation period in order to toll the statute of limitations. *State* v. *Hickman*, supra, 258, 260. In addition, *State* v. *Chacon*, supra, 479 So. 2d 230, a Florida case cited in *Crawford*'s discussion of the law of other jurisdictions; *State* v. *Crawford*, supra, 448; is in accord with *Hickman*. Our Supreme Court was clearly influenced by the Florida precedent in deciding when a prosecution is commenced for the purpose of tolling a statute of limitations in Connecticut. The court made it clear that the Florida requirements were to be the requirements of *Crawford*.

[2] A summary of the *Crawford* decision appears in an A.L.R. annotation and clearly sets forth the Supreme Court's holding that a warrant must be issued *and* delivered to a proper officer for service within the limitation period in order to toll the statute of limitations. Annot., 71 A.L.R.4th 543, 544 (1989).

The *Crawford* analysis continues by recognizing that some limit should exist as to when an arrest warrant must be *executed* by the police. Id., 450. The court recognizes that a warrant "must be executed without unreasonable delay." Id., 450–51, citing I A.L.I. Model Penal Code and Commentaries (1985) § 1.06 (5). It is here that the court expressly adopts a provision of the model penal code for the first time, without modification.

The majority's opinion in this case concludes that *Crawford* adopts the model code's "issuance" rule regarding the commencement of a prosecution, does not add the "delivery" requirement to that rule, and embraces the model code's provision that a warrant must be "executed without unreasonable delay." This is a conclusion that, in my opinion, is not supported by the text of *Crawford*. First, *Crawford* borrowed from and added to the model code and created the two-pronged rule that a prosecution is commenced for the purpose of tolling a statute of limitations when, prior to the expiration of the statute, the arrest warrant is (1) issued by a Superior Court judge *and* (2) delivered to a proper officer for service. *State* v. *Crawford*, supra, 202 Conn. 449–50. Second, *Crawford* proceeded to adopt the model code's provision that a warrant must be executed without unreasonable delay. Id., 450–51. Prior to the court's adoption of the model code's provision that a warrant must be executed without unreasonable delay, the court had only cited the code in its introduction to the law of other jurisdictions. Id., 448. Following its introduction to the law of other jurisdictions, the court's next authoritative case citation is to *Hickman*. Id., 450. The *Hickman* citation appears in the paragraph of the court's analysis that holds that a statute of limitations becomes tolled in *this state*, when prior to the expiration of the statute, the arrest warrant is issued by a judge *and* delivered to a proper officer for service. Id. After citing *Hickman*, the court then

adopts the model code's provision that a warrant must be *executed* without unreasonable delay. Id., 450–51.

Finally, I note that although the delivery requirement has not again been fully explored by this court or our Supreme Court, the requirement has not been abandoned subsequent to *Crawford*. See *State* v. *Ali*, supra, 233 Conn. 414. In *Ali*, our Supreme Court fully quoted the *Crawford* analysis, including the delivery requirement. Id., 414. I see no reason why the *Crawford* delivery requirement should be abandoned by this court in light of our Supreme Court's recent recognition of that requirement.

Here, the trial court recognized the rule of *Crawford* that a prosecution is commenced for the purpose of tolling a statute of limitations when, prior to the expiration of the statute, the arrest warrant is (1) issued by a Superior Court judge and (2) delivered to a proper officer for service. The defendant allegedly committed the crime at issue on August 24, 1993. The crime is subject to a one year statute of limitations, expiring on August 24, 1994. The trial court found that the defendant's arrest warrant was *issued* by a Superior Court judge on August 22, 1994, but that the warrant was not *delivered* to the Ridgefield police department until August 25, 1994, one day after the expiration of the statute of limitations. On the basis of *Crawford* and on these facts, the trial court found that the statute of limitations had expired prior to the commencement of the defendant's prosecution. Consequently, the trial court rendered a judgment of acquittal. I agree with the trial court's interpretation of the law and its finding that the statute of limitations had expired prior to the commencement of the defendant's prosecution. Thus, in my opinion, the trial court properly rendered a judgment of acquittal. I would therefore affirm the judgment of the trial court.

For the foregoing reasons, I respectfully dissent.