**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Jack Anthony LUCIDO et al.,
Defendants-Appellees.**

**No. 74–2308.**

United States Court of Appeals,
Sixth Circuit.

May 27, 1975.

See also D.C., 373 F.Supp. 1142.

Ralph B. Guy, U. S. Atty., Detroit, Mich., Victor D. Stone, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Philip A. Gillis, Detroit, Mich., for Lucido.

Neil C. Williston, Detroit, Mich., for Galvez.

Albert Summer, Detroit, Mich., for Harrington.

Vernon L. Alger, Maceroni, Maceroni & Alger, Warren, Mich., for North, Jablonski.

Charles T. Burke, Livonia, Mich., for North, Jablonski, Tsakiris, Bakatselos, Pavleas, and McNeil.

1

Before CELEBREZZE, PECK and LIVELY, Circuit Judges.

PER CURIAM.

In this case the government has perfected an appeal from a judgment of acquittal entered as to all nine defendants-appellees in a prosecution for operation of an illegal gambling business in violation of 18 U.S.C. § 1955. During the investigation of alleged gambling activities in the Detroit area the government recorded certain conversations over telephones which had been "tapped" under authority of an intercept order issued by a judge of the United States District Court. At the conclusion of the authorized intercept period the same judge ordered the taped recordings to "be sealed and be placed in the custody of the" F. B. I. Instead of sealing the individual tapes, the authorities placed them in a locked file cabinet and covered the front of the drawer or drawers containing the tapes with unmarked masking tape.

Counsel for the defendants, prior to being shown the tapes, refused to stipulate that they had been sealed in accordance with 18 U.S.C. § 2518(8)(a). Shortly before the trial began, the judge who had issued the original sealing order issued another order by which he directed the tapes to be unsealed for availability at the upcoming trial. When defense counsel went to the F. B. I. office to inspect the tapes they observed that there were no seals on the individual tapes and that they had already been removed from the "sealed" filing cabinet.

A jury was selected and sworn on August 27, 1974, and the trial was commenced on that date with a judge presiding who was not the judge who had issued the various orders with respect to the interception and sealing. On August 29th the prosecuting attorney announced that he intended to call a number of witnesses "to lay a foundation for the electronic surveillance evidence." (Transcript of August 29, 1974 hearing at 3.) Counsel for the defendants objected to the introduction of the wire recordings or the "composite tape" which had been put together by the F. B. I. on the ground that the government had failed to follow the procedures prescribed in 18 U.S.C. § 2518(8)(a) with respect to sealing recordings. Specifically, the defendants objected that the government was unable to satisfy this language in (8)(a): "The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire or oral communication or evidence derived therefrom . . . ."

Defense counsel then related to the court that they had visited the F. B. I. office on August 28th during a break in the trial and that the unsealed tapes had been exhibited to them by an F. B. I. agent who took them out of a file cabinet and put them on a cart. The prosecuting attorney stated to the court that he was prepared to establish a "proper chain of custody" which had protected the tapes from editing, alteration or other misuse. The proceedings continued out of the presence of the jury with the F. B. I. agent who had custody of the recordings testifying as to the procedures which had been followed in response to the earlier order to seal the recordings. After hearing arguments the court recessed to consider the issue raised by the objection, and upon reconvening, sustained the defendants' objection to introduction of the recordings. The government announced that it was unable to proceed with the case in the absence of the electronic surveillance evidence. The matter was reconsidered by the court on motion of the government and the original ruling was reaffirmed. The government then rested its case and the court granted motions for judgments of acquittal.

The defendants, relying on their constitutional right to be free of double jeopardy, contend that the government may not appeal an adverse trial ruling in a criminal case where the trial terminates with a judgment of acquittal. The

government seeks to sustain this appeal under 18 U.S.C. §§ 3731 and 2518(10)(b). Section 3731 permits certain appeals by the United States from decisions of district courts in criminal cases. It provides, in part, that an appeal will lie "from a decision or order of a district court suppressing or excluding evidence . . . in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict . . . ." It is claimed that the defendants were required by § 2518(10) to move for suppression of the recordings prior to trial in order to obtain a ruling before jeopardy attached. The government argues that the defendants may not be permitted to defeat the purpose of §§ 2518(10)(b) and 3731 to provide for interlocutory appeals of rulings on suppression or exclusion of evidence by deliberately waiting until after trial had begun to make a motion to suppress.

■ The defendants contend that they did not make a motion to suppress evidence under 18 U.S.C. § 2518(10)(a). They did not rely on any of the three grounds set forth in that subsection, all of which deal with interception itself or the order of authorization or approval. It is their position, rather, that they interposed an objection to the reception of evidence which had not been preserved in accordance with a statutory command. The district court specifically found "that the Defendants were not aware of the grounds" of this objection prior to the trial. This finding is supported by the record. Thus, it makes no difference whether defendants' motion to exclude the evidence is considered a motion to suppress or an objection to admissibility. Section 2518(10)(a) requires that a motion to suppress be made before trial "unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion." The action of the defendants, under the district court's finding, comes within the exception to the requirement. Similarly, the same finding removes the present case from the class referred to in Serfass v. United States, 420 U.S. 377, 394, 95

S.Ct. 1055, 43 L.Ed.2d 265 (1975) (quoting a hypothetical situation posed by the Solicitor General), of "a defendant who is afforded an opportunity to obtain a determination of a legal defense prior to the trial and nevertheless knowingly allows himself to be placed in jeopardy before raising the defense."

■ We believe the present case is clearly one where jeopardy had attached before the issue of the admissibility of the recordings was presented to the court and that the defendants did not deliberately defer raising the issue in order to prevent appeal by the government. The judgment of acquittal entered by the district court is not subject to appeal. United States v. Jenkins, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975); United States v. Robbins, 510 F. 2d 301 (6th Cir. 1975).

The judgment of the district court is affirmed.