UNITED STATES of America,
Plaintiff-Appellant,

v.

John Arthur SCOTT, Defendant-Appellee.

No. 76–1533.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 21, 1976.

Decided and Filed Nov. 23, 1976.

Rehearing Denied Feb. 8, 1977.

Frank S. Spies, U. S. Atty., Robert C. Greene, Grand Rapids, Mich., for plaintiff-appellant.

William C. Marietti, Boeschenstein, Marietti, Mullally & Grimm, Muskegon, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

PER CURIAM.

Defendant-appellee was charged in a three count indictment with the distribution of cocaine, codeine and heroin. The counts related to separate occurrences, and because a substantial period had elapsed between the commission of the offenses charged in counts 1 and 2, a motion for their dismissal on the ground of preindictment delay was filed prior to trial, which was denied without prejudice. At the jury trial the motion was renewed at the conclusion of the government's case, and it was again denied without prejudice. Subsequently, after the defense had presented its case and had rested, the motion to dismiss was renewed and it was then granted by the district court on the basis of preindictment delay and the prejudice the district judge found that it caused to defendant's case. The jury thereafter returned a verdict of not guilty as to count 3, and the present appeal is purported to have been perfected by the government from the order dismissing counts 1 and 2 of the indictment.

18 U.S.C. § 3731 permits an appeal by the United States in a criminal case to a court of appeals from an order of a district court dismissing an indictment as to any one or more counts, but provides "that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." We conclude that this case falls squarely within that exception.

This court has held that appellate review is barred, where as here, a mid-trial ruling by the district judge was based upon facts established by evidence received at trial, *United States v. Robbins*, 510 F.2d 301 (6th Cir. 1975), and where a mid-trial decision acquitted the defendant after the court had granted a defense motion to suppress evidence. *United States v. Lucido*, 517 F.2d 1 (6th Cir. 1975). See also what has been referred to as the *Wilson-Jenkins-Serfass* trilogy, (*United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *United States v. Jenkins*, 420 U.S. 358, 95

S.Ct. 1006, 43 L.Ed.2d 250 (1975) and *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975)).

It is concluded that this Court is without jurisdiction in the premises.