UNITED STATES of America,
Plaintiff-Appellant,

v.

John Arthur SCOTT, Defendant-Appellee.

No. 76–1533.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 1978.

Frank S. Spies, U. S. Atty., Robert C. Greene, Grand Rapids, Mich., for plaintiff-appellant.

William C. Marietti, Boeschenstein, Marietti, Mullally & Grimm, Muskegon, Mich., for defendant-appellee.

ORDER

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and PECK, Senior Circuit Judge.

By per curiam opinion filed herein November 23, 1976, 544 F.2d 903, we held that this Court was without jurisdiction to consider this appeal on the basis of "what has been referred to as the *Wilson -Jenkins - Serfass* trilogy." In present context, *Jenkins* lies at the heart of the trilogy and was thus the underlying basis of our opinion, as the Supreme Court recognized in observing, "We have . . . decided to overrule *Jenkins*, and thus to reverse the judgment of the Court of Appeals in this case." *United States v. Scott*, —— U.S. ——, p. ——, 98 S.Ct. 2187, 2191, 57 L.Ed.2d 65, decided June 14, 1978. Before us for "further proceedings," we turn to a consideration of the merits of the appeal.

As we stated in our earlier per curiam opinion, *United States v. Scott*, 544 F.2d 903 (1976), "Defendant-appellee was charged in a three-count indictment with the distribution of cocaine, codeine and heroin. The counts related to separate occurrences, and because a substantial period had elapsed between the commission of the offenses charged in counts 1 and 2, a motion for their dismissal on the ground of preindictment delay was filed prior to trial, which was denied without prejudice. At the jury trial the motion was renewed at the conclusion of the government's case, and it was again denied without prejudice. Subsequently, after the defense had presented its case and had rested, the motion to dismiss was renewed and it was then granted by the district court on the basis of preindictment delay and the prejudice the district judge found that it caused to defendant's case. The jury thereafter returned a verdict of not guilty as to count 3, and the

present appeal is purported to have been perfected by the government from the order dismissing counts 1 and 2 of the indictment."

We conclude, upon a review of the record on appeal, that the district court's finding that the preindictment delay resulted in prejudice to the defendant-appellee's case is not clearly erroneous, and that the district court did not abuse its discretion in granting defendant-appellee's motion to dismiss counts 1 and 2 of the indictment. Accordingly,

IT IS ORDERED that the judgment of the district court be and it hereby is affirmed.