### STATE OF CONNECTICUT *v.* EDWARD KRUELSKI, JR.
### (AC 16967)

O'Connell, C. J., and Schaller and Healey, Js.

Argued April 29—officially released July 28, 1998

G. *Douglas Nash*, public defender, for the appellant (defendant).

*Robert L. Marconi*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of the trial court denying his motion to dismiss the charge of violating the Home Improvement Act (act), General Statutes § 20-427 (b) (5).[1] He claims that the trial court improperly concluded that the prosecution was not barred by the doctrine of double jeopardy. We affirm the judgment of the trial court.

The history of this case discloses that the state commenced a prosecution on August 24, 1994, alleging that the defendant had contracted to perform home improvements without being registered, as required by the act. At the conclusion of all the evidence, the trial court granted a judgment of acquittal on the ground

[1] General Statutes § 20-427 (b) provides in pertinent part: "No person shall . . . (5) offer to make or make any home improvement without having a current certificate of registration under this chapter . . . ."

that the prosecution was barred by the one year statute of limitations. General Statutes § 54-193. With the court's permission, the state appealed to this court. General Statutes § 54-96. We reversed the trial court's judgment and remanded the case for further proceedings on the ground that the trial court improperly granted the motion for judgment of acquittal because the timely issuance of the arrest warrant tolled the statute of limitations. *State* v. *Kruelski*, 41 Conn. App. 476, 677 A.2d 951, cert. denied, 238 Conn. 903, 677 A.2d 1376 (1996).

Following the remand, the state commenced the present prosecution against the defendant, and the defendant moved to dismiss, arguing that further proceedings would constitute a second prosecution for the same offense following an acquittal. The trial court denied the motion, holding that "the court's prior order granting the defendant's motion for a judgment of acquittal was based on an unrelated legal issue and was not based on a resolution in the defendant's favor of some or all of the factual elements of the offense charged." This appeal followed.

The defendant argues that further prosecution is barred by his constitutional right not to be placed in jeopardy twice because, in the former trial, the court ordered a judgment of acquittal based on a determination that the defendant had proven all the essential elements of a statute of limitations defense. Specifically, the defendant claims that despite being reversed by this court, the acquittal was a judgment of the trial court that represented a factual resolution of some of the elements of the charged offense, sufficient to invoke the double jeopardy bar.

In *United States* v. *Scott*, 437 U.S. 82, 97, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978), the United States Supreme Court held that "a defendant is acquitted only when

'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the *offense charged*.'" (Emphasis added.)

The defendant maintains that because the resolution of the statute of limitations defense involved a level of inquiry that constituted a factual determination as to whether there was unreasonable delay in the service of the arrest warrant,[2] the trial court was required to assess the facts surrounding the defendant's arrest. The defendant contends that those facts necessarily included facts related to his guilt or innocence and, according to double jeopardy principles, he cannot be the subject of a second prosecution for the same offense. We disagree.

The *Scott* court determined that when a defendant deliberately chooses to "seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, [he] suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant. . . . Rather, [the Supreme Court] conclude[d] that the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice," which ends a prosecution with neither a conviction nor an acquittal. Id., 98–99.

The *Scott* court further held that when a defendant is acquitted after proving all the elements of an affirmative defense, double jeopardy operates to bar successive prosecution only when the defense is one that "arises from 'the notion that Congress could not have intended

---

[2] In his statute of limitations defense, the defendant contended that there had been an unreasonable delay in executing the arrest warrant.

criminal punishment for a defendant who has committed all the elements of a proscribed offense' . . . where other facts established to the satisfaction of the trier of fact provide a legally adequate justification for otherwise criminal acts. Such a factual finding *does* 'necessarily establish the criminal defendant's lack of criminal culpability' . . . . By contrast, [a successful defense such as] preindictment delay represents a legal judgment that a defendant, although criminally culpable, may not be punished because of a supposed constitutional violation." (Citations omitted; emphasis in original.) Id., 97–98.

In the present case, the defendant deliberately sought to terminate the proceeding against him by using a statute of limitations defense. A statute of limitations defense is not a defense that, when proven, negates an essential element of a charged offense or establishes a legally adequate justification for an otherwise criminal act. Instead, this type of defense "represents a legal judgment that a defendant, although criminally culpable, may not be punished because of a supposed constitutional violation." Id., 98.

Moreover, in ruling on the defense in question, the trial court limited its factual determination to whether the arrest warrant was delivered to the proper law enforcement authorities in a timely manner. The court's judgment of acquittal was based solely on the conclusion that such delivery was, in fact, outside the one year statute of limitations period, and the court did not resolve in the defendant's favor any of the factual elements of the offense charged. There is nothing in the trial court's memorandum of decision to suggest that it considered the defendant's guilt or lack of guilt when ruling on the motion for judgment of acquittal.

In this case, the defendant successfully avoided a conviction by persuading the trial court to dispose of

the action on a basis that did not depend on guilt or lack of guilt. He was, thus, neither acquitted nor convicted. "He has not been 'deprived' of his valued right to go to the first jury; only the public has been deprived of its valued right to 'one complete opportunity to convict those who have violated its laws.' " Id., 100. We conclude that the defendant was never "acquitted," but that the case had been improperly dismissed. Accordingly, proceeding with this prosecution does not violate the defendant's privilege against double jeopardy.

The judgment is affirmed.

In this opinion the other judges concurred.