# SUPREME COURT

OF THE

# STATE OF CONNECTICUT

STATE OF CONNECTICUT *v.*
EDWARD J. KRUELSKI, JR.
(SC 16029)

Callahan, C. J., and Berdon, Palmer, McDonald and Peters, Js.

Argued June 3—officially released August 3, 1999

*G. Douglas Nash,* public defender, for the appellant (defendant).

*Robert L. Marconi,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (state).

*Opinion*

CALLAHAN, C. J. The sole issue in this certified appeal is whether the state is barred by the double jeopardy clause of the fifth amendment to the United States constitution[1] from retrying a defendant who is charged with a crime and, after a jury is empaneled and

---

[1] The double jeopardy clause of the fifth amendment to the United States constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. *Benton* v. *Maryland,* 395 U.S. 784, 794, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); *State* v. *Lonergan,* 213 Conn. 74, 78, 566 A.2d 677 (1989), cert. denied, 496 U.S. 905, 110 S. Ct. 2586, 110 L. Ed. 2d 267 (1990). The defendant has not raised a state constitutional double jeopardy claim in the present case.

sworn,[2] acquitted on a statute of limitations defense. We conclude that, under the circumstances of this case, the federal constitution permits a second trial.

The following undisputed facts and procedural history are relevant to this appeal. On August 22, 1994, an arrest warrant was issued charging the defendant, Edward J. Kruelski, Jr., with offering to perform home improvements without being registered as a home improvement contractor in violation of General Statutes § 20-427 (b) (5).[3] Such a violation of § 20-427 (b) (5) is designated a class B misdemeanor[4] and carries a penalty of imprisonment for not more than six months and a maximum fine of $1000.[5]

In the information, the state charged that the offer in question had been made by the defendant on August 24, 1993. The statute of limitations applicable to violations of § 20-427 (b) (5) provides in relevant part that "[n]o person may be prosecuted for [such offense] . . . except within one year next after the offense has been committed." General Statutes § 54-193 (b). The warrant for the defendant's arrest was served and executed on August 25, 1994, more than one year after the defendant's alleged violation of § 20-427 (b) (5).

In November, 1994, the defendant filed a motion to dismiss in the trial court claiming that the state had failed to commence prosecution within the one year time limitation set forth in § 54-193 (b). The trial court did not rule on that motion.

[2] Jeopardy attaches when a jury is empaneled and sworn. See *United States* v. *Jorn*, 400 U.S. 470, 479, 91 S. Ct. 547, 27 L. Ed. 2d 543 (1971); *State* v. *Buell*, 221 Conn. 407, 413, 605 A.2d 539 (1992).

[3] General Statutes § 20-427 (b) (5) provides in relevant part that no person shall "offer to make or make any home improvement without having a current certificate of registration under this chapter . . . ."

[4] See General Statutes § 20-427 (c) (1).

[5] See General Statutes §§ 53a-36 and 53a-42.

On May 2, 1995, a jury was empaneled and sworn and began to hear evidence. At the close of the evidence on May 3, 1995, the defendant moved for a judgment of acquittal, again arguing that the prosecution had not been commenced before the expiration of the one year time limitation set forth in § 54-193 (b). The trial court concluded that the prosecution of the defendant had not commenced until his arrest on August 25, 1994, and, solely on that basis, granted the defendant's motion for judgment of acquittal. The court did not resolve in the defendant's favor any element of § 20-427 (b) (5). To the contrary, the court determined that the state had presented evidence capable of supporting a guilty verdict.

The trial court thereafter granted the state permission to appeal from its judgment of acquittal to the Appellate Court. The Appellate Court concluded that, as a matter of law, the prosecution of the defendant had commenced when the warrant for the defendant's arrest was issued on August 22, 1994, which was within one year of the defendant's alleged violation of § 20-427 (b) (5). *State* v. *Kruelski*, 41 Conn. App. 476, 487–88, 677 A.2d 951, cert. denied, 238 Conn. 903, 677 A.2d 1376 (1996). The Appellate Court, therefore, reversed the judgment of the trial court and remanded the case for further proceedings. Id., 488.

Following the remand, the defendant filed a motion to dismiss in the trial court, arguing that further proceedings would constitute a second prosecution for the same offense following an acquittal. The court denied the defendant's motion for dismissal, and the defendant appealed to the Appellate Court. The Appellate Court concluded that further criminal proceedings were not barred by the double jeopardy provision of the fifth amendment and affirmed the trial court's denial of the defendant's motion to dismiss. *State* v. *Kruelski*, 49 Conn. App. 553, 558, 715 A.2d 796 (1998). We granted

the defendant's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Did the Appellate Court properly conclude that the defendant's prosecution was not barred by the double jeopardy clause of the federal constitution?" *State* v. *Kruelski,* 247 Conn. 925, 719 A.2d 1170 (1998).

On appeal, the defendant claims that, because the trial court rendered a judgment of acquittal in his trial, further prosecution is barred by his federal constitutional right not to be placed twice in jeopardy for the same offense. Specifically, the defendant maintains that, because the trial court made a determination as to the sufficiency of the evidence regarding the defendant's statute of limitations defense, the court's judgment constitutes an acquittal for purposes of double jeopardy. The state maintains, however, that the trial court's judgment does not constitute an acquittal for purposes of double jeopardy because it was based solely on the defendant's statute of limitations defense, and not on a determination that the state's evidence regarding any element of § 20-427 (b) (5) was insufficient to support a guilty verdict. We agree with the state.

In *United States* v. *Scott,* 437 U.S. 82, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978), the United States Supreme Court considered a double jeopardy challenge to the government's attempt to retry a criminal defendant who had sought and obtained a midtrial dismissal of criminal charges on the ground that his defense had been prejudiced unconstitutionally by a preindictment delay. The court concluded that the double jeopardy clause did not bar further prosecution on those charges, stating: "As we have recognized in cases from *United States* v. *Ball,* 163 U.S. 662 [16 S. Ct. 1192, 41 L. Ed. 300] (1896), to *Sanabria* v. *United States,* [437 U.S. 54, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978)], a defendant once acquitted

may not be again subjected to trial without violating the Double Jeopardy Clause.

"But that situation is obviously a far cry from [a case in which] the Government was quite willing to continue with its production of evidence to show the defendant guilty before the jury first empaneled to try him, but the defendant elected to seek termination of the trial on grounds unrelated to guilt or innocence. [Such a case] is scarcely a picture of an all-powerful state relentlessly pursuing a defendant who had either been found not guilty or who had at least insisted on having the issue of guilt submitted to the first trier of fact. It is instead a picture of a defendant who chooses to avoid conviction and imprisonment, not because of his assertion that the Government has failed to make out a case against him, but *because of a legal claim that the Government's case against him must fail even though it might satisfy the trier of fact that he was guilty beyond a reasonable doubt.*" (Emphasis added.) *United States* v. *Scott,* supra, 437 U.S. 96.

The court in *Scott* went on to state: " '[A] trial judge's characterization of his own action cannot control the classification of the action.' [*United States* v. *Jorn,* 400 U.S. 470, 478 n.7, 91 S. Ct. 547, 27 L. Ed. 2d 543 (1971)], citing *United States* v. *Sisson,* 399 U.S. 267, 290 [90 S. Ct. 2117, 26 L. Ed. 2d 608] (1970). See also [*United States* v. *Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977); *United States* v. *Wilson,* 420 U.S. 332, 336, 95 S. Ct. 1013, 43 L. Ed. 2d 232 (1975)]. . . . [A]n appeal is not barred simply because a ruling in favor of a defendant 'is based upon facts outside the face of the indictment,' id., at 348, or because it 'is granted on the ground . . . that the defendant simply cannot be convicted of the offense charged,' [*Lee* v. *United States,* 432 U.S. 23, 30, 97 S. Ct. 2141, 53 L. Ed. 2d 80 (1977)]. Rather, a defendant is acquitted only when 'the ruling of the judge, whatever

its label, actually represents a resolution . . . of some or all of the *factual elements of the offense charged.*' [*United States* v. *Martin Linen Supply Co.*, supra, 571]. Where the court, before the jury returns a verdict, enters a judgment of acquittal . . . [retrial] will be barred only when 'it is plain that the [trial court] . . . evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction.' [Id., 572]." (Emphasis added.) *United States* v. *Scott,* supra, 437 U.S. 96–97.

"[W]here [a] defendant, instead of obtaining a reversal of his conviction on appeal, obtains the termination of the proceedings against him in the trial court without any finding by a court or jury as to his guilt or innocence [he] has not been 'deprived' of his valued right to go to the first jury; only the public has been deprived of its valued right to 'one complete opportunity to convict those who have violated its laws.' *Arizona* v. *Washington,* [434 U.S. 497, 509, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1978)]. No interest protected by the Double Jeopardy Clause is invaded when the Government is allowed to appeal and seek reversal of such a midtrial termination of the proceedings in a manner favorable to the defendant." *United States* v. *Scott,* supra, 437 U.S. 100.

The United States Supreme Court's decision in *Scott* establishes that, regardless of a trial court's characterization of its disposition of a case, the double jeopardy clause of the federal constitution does not bar a state from bringing a further criminal proceeding against a defendant who sought and obtained a favorable midtrial termination of criminal proceedings on legal grounds unrelated to a determination as to the sufficiency of the evidence regarding the defendant's factual innocence or guilt of the offense charged. Id., 437 U.S. 96; see also *State* v. *Paolella,* 210 Conn. 110, 122, 554 A.2d 702 (1989); *State* v. *Evans,* 205 Conn. 528, 534, 534 A.2d 1159 (1987), cert. denied, 485 U.S. 988, 108 S. Ct. 1292, 99 L. Ed. 2d

502 (1988). Thus, although in the present case, the trial court characterized its disposition as an "acquittal," that characterization is not dispositive for purposes of double jeopardy. Instead, this court must make its own inquiry into the basis of the trial court's disposition to determine whether, for purposes of double jeopardy, the court "acquitted" the defendant. In other words, we must determine whether the trial court's judgment was based on legal grounds unrelated to a determination of the sufficiency of the evidence regarding the defendant's factual innocence or guilt. See *United States* v. *Scott*, supra, 437 U.S. 96–97.

The defendant in the present case sought and obtained a midtrial judgment of acquittal on the ground that the state had failed to commence his prosecution within the one year time limitation period established by § 54-193 (b). We previously have stated: "Limitations statutes . . . are intended to foreclose the potential for inaccuracy and unfairness that stale evidence and dull memories may occasion in an unduly delayed trial. . . . It is not the trial, but the danger to an accused of an unfair conviction because of delay prior to the initiation of criminal proceedings against which limitations statutes are designed to safeguard." *State* v. *Coleman*, 202 Conn. 86, 91, 519 A.2d 1201 (1987); see also *Gurliacci* v. *Mayer*, 218 Conn. 531, 548, 590 A.2d 914 (1991); *Zapata* v. *Burns*, 207 Conn. 496, 508, 542 A.2d 700 (1988); *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 584, 512 A.2d 893 (1986). We can discern no reason to distinguish, for purposes of double jeopardy, between the basis of the trial court's disposition of criminal charges in the present case, i.e., staleness due to a supposed expiration of the statute of limitations, and the basis of the District Court's disposition of the criminal charges in *Scott*, i.e., a preindictment delay that allegedly prejudiced the defendant's ability to present a defense—a midtrial disposition that the United States

Supreme Court concluded was not based on a determination as to the sufficiency of the evidence regarding the defendant's factual innocence or guilt of the *offense* charged and, consequently, did not implicate the defendant's double jeopardy rights.

In the present case, the defendant, nonetheless, maintains that the trial court's judgment constitutes an acquittal for purposes of double jeopardy because it was based upon a determination of the sufficiency of the evidence regarding the factual elements of the defendant's statute of limitations *defense.* In *Burks* v. *United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), the United States Supreme Court addressed the ramifications, for purposes of double jeopardy, of a determination by a trial court as to the sufficiency of the evidence regarding the factual elements of the affirmative defense of insanity. To establish that defense, the defendant in *Burks* produced expert witnesses who testified that, at the time of the crime, he had been substantially incapable of conforming his conduct to the requirements of the law. Id., 3. The jury nevertheless found Burks guilty as charged. Id. On appeal, the Court of Appeals concluded that Burks had established a prima facie defense of insanity. Id., 3–4. Noting that the government, therefore, had the burden of proving Burks' sanity beyond a reasonable doubt, the Court of Appeals further concluded that the prosecution's evidence, even when viewed in the light most favorable to sustaining the verdict, was not sufficient to rebut Burks' evidence regarding insanity. Id. Because of that failure of proof, the Court of Appeals reversed Burks' conviction. Id. Rather than terminating the case against Burks, however, the Court of Appeals remanded the case for further proceedings. Id. Thereafter, Burks appealed to the United States Supreme Court claiming that the double jeopardy clause barred a retrial in his case. The United States Supreme Court, recognizing an

exception to the general rule that the double jeopardy clause does not bar the retrial of a defendant who has succeeded in having his conviction set aside for error in the proceedings at trial, concluded that when a defendant's conviction is reversed by an appellate court on the ground that there was not sufficient evidence to support a guilty verdict, the double jeopardy clause bars a retrial on the same charge. Id., 18–19. *"Burks* was based on the view that an appellate court's reversal for insufficiency of the evidence is in effect a determination that the government's [evidentiary] case against the defendant was so lacking that the trial court should have entered a judgment of acquittal, rather than submitting the case to the jury." *Lockhart* v. *Nelson,* 488 U.S. 33, 39, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988).

In concluding in *United States* v. *Scott,* supra, 437 U.S. 97–98, that the double jeopardy clause did not bar a second trial of the defendant, the United States Supreme Court explicitly distinguished the basis of the double jeopardy claim in *Scott*—a preindictment delay prejudicial to the defendant's ability to present a defense—from the basis of the double jeopardy claim in *Burks*—a failure of the government's proof at trial. Specifically, the court stated: "Our opinion in *Burks* necessarily holds that there has been a failure of proof. . . requiring an acquittal when the Government does not submit sufficient evidence to rebut a defendant's essentially factual defense of insanity . . . . The defense of insanity, like the defense of entrapment, arises from the notion that Congress could not have intended criminal punishment for a defendant who has committed all of the elements of a proscribed offense . . . where other facts . . . provide a legally adequate justification for otherwise criminal acts. Such a factual finding does necessarily establish the criminal defendant's lack of criminal culpability . . . under existing law . . . . By contrast, the dismissal of an indictment

for preindictment delay represents a legal judgment that a defendant, although criminally culpable, may not be punished because of a supposed constitutional violation." (Citations omitted; internal quotation marks omitted.) Id.

The defendant maintains that the court's reference in *Scott* to *Burks* v. *United States*, supra, 437 U.S. 1, establishes that a judgment of acquittal that is based upon a determination as to the sufficiency of the evidence regarding the factual elements of a statutory affirmative defense, such as a statute of limitations defense, constitutes an acquittal for purposes of double jeopardy. In *Scott*, however, the court also stated: "[A] defendant who has been released by a court for reasons required by the Constitution or laws, but which are unrelated to factual innocence or guilt, has not been determined to be innocent in any sense of that word, absolute or otherwise. In other circumstances, this Court has had no difficulty in distinguishing between those rulings which relate to 'the ultimate question of guilt or innocence' and those which serve other purposes." *United States* v. *Scott*, supra, 436 U.S. 98 n.11. Thus, the court in *Scott* explicitly distinguished between: (1) determinations regarding the sufficiency of the evidence regarding either the offense charged or a defense offered to justify the defendant's otherwise culpable conduct; and (2) determinations regarding the sufficiency of the evidence as to other legal defenses that do not relate to the defendant's allegedly criminal conduct.

In the present case, the defendant deliberately sought to terminate the proceeding against him by using a statute of limitations defense. A statute of limitations defense is not a defense that, when proved, negates any element of a charged offense or establishes a legal justification for an otherwise criminal act. Instead, this type of defense "represents a legal judgment that a

defendant, although criminally culpable, may not be punished . . . ." Id., 98. The trial court's judgment of acquittal was based solely on the defendant's statute of limitations defense and not on any resolution in favor of the defendant of any element of § 20-427 (b) (5). We conclude, therefore, that the judgment rendered by the trial court does not constitute an acquittal for purposes of double jeopardy, and, consequently, the legal restraints of the law pertaining to the defendant's double jeopardy rights do not bar a retrial in this case.

The judgment is affirmed.

In this opinion PALMER and PETERS, Js., concurred.

MCDONALD, J., with whom BERDON, J., joins, dissenting. The issue in this case is whether a determination that the statute of limitations bars prosecution is an acquittal giving rise to double jeopardy protection. In *Burks* v. *United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), the United States Supreme Court held that a court's determination that the defendant's insanity barred prosecution was an acquittal forbidding a second trial under the double jeopardy clause of the fifth amendment to the United States constitution. See id., 10–11. In *United States* v. *Scott*, 437 U.S. 82, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978), decided the same day as *Burks*, the United States Supreme Court held that a court's determination that preindictment delay required dismissal of the charges did not bar the government from appealing that dismissal. See id., 98–99.

In *Scott*, the United States Supreme Court contrasted a dismissal for preindictment delay and a dismissal based on a finding of insanity, concluding that the former is "a legal judgment that a defendant, although criminally culpable, may not be punished because of a supposed constitutional violation"; id., 98; whereas the latter involves a " 'failure of proof' " whereby the government fails to rebut "a defendant's essentially factual

defense of insanity, though it may otherwise be entitled to have its case submitted to the jury." Id., 97. Double jeopardy would arise only when it is plain that the trial court evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction. See id., 98.

In his dissent in *Scott,* Justice William J. Brennan observed that the defense of statute of limitations is "a traditional factual [defense that is] routinely submitted to the jury . . . . Id., 115 (Brennan, J., dissenting). Justice Brennan did not believe that *Scott* would apply when the defendant's case is dismissed based on a statute of limitations defense. See id. (Brennan, J., dissenting).

In *Forman* v. *United States,* 361 U.S. 416, 80 S. Ct. 481, 4 L. Ed. 2d 412 (1960), the United States Supreme Court upheld a Ninth Circuit Court of Appeals decision modifying its earlier decision in which the circuit court directed an acquittal on statute of limitations grounds. Id., 419–20. In its second decision, the court ordered a new trial. Id., 420. Because the jury had returned a guilty verdict and the circuit court, upon reargument, found sufficient evidence for the jury to have found that the statute of limitations had not run, double jeopardy did not bar a new trial. See generally id., 423–26. In *Forman,* the United States Supreme Court accordingly refused to apply *Sapir* v. *United States,* 348 U.S. 373, 75 S. Ct. 422, 99 L. Ed. 426 (1955), in which insufficiency of the evidence was the basis of a dismissal and double jeopardy barred a new trial. *Forman* v. *United States,* supra, 425. Justice Charles E. Whittaker concurred in *Forman,* observing that, if a jury was instructed, even erroneously, to acquit based on a statute of limitations defense, and had done so, "its verdict would . . . have ended the case." Id., 429 (Whittaker, J., concurring).

Connecticut law requires the trial court to submit the defense of statute of limitations to the jury and to

instruct the jury that, if the statute of limitations bars prosecution, the jury should return a verdict of not guilty. See *State* v. *Ali*, 233 Conn. 403, 416, 660 A.2d 337 (1995) ("[b]ecause the statute of limitations is an affirmative defense . . . [it] is a question of fact for the jury"). Because the statute of limitations defense is to be decided by the jury and may result in a jury finding of not guilty, the trial court's determination that that defense bars prosecution necessarily evaluates the sufficiency of the state's evidence for conviction. Therefore, I would conclude that, in this case, the double jeopardy clause of the fifth amendment bars a second trial of the misdemeanor with which the defendant was charged.

Accordingly, I would reverse the judgment of the Appellate Court.