Edward KRUELSKI, Jr., Petitioner,

v.

STATE OF CONNECTICUT SUPERI-
OR COURT FOR THE JUDICIAL
DISTRICT OF DANBURY and G.A.
# 3, Respondents.

No. 3:00CV1315 (RNC).

United States District Court,
D. Connecticut.

May 31, 2001.

George Douglas Nash, Office of the
Chief Public, Hamden, CT, for petitioner.

Robert L. Marconi, Attorney General's
Office, New Britain, CT, for respondent.

## RULING AND ORDER

CHATIGNY, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 preventing the State of Connecticut from retrying him on a misdemeanor charge on the ground that the retrial, which has been stayed pending the outcome of this habeas litigation, is barred by the Double Jeopardy Clause of the Fifth Amendment. The first trial ended following the completion of the evidence but before the jury was charged when the trial judge granted a motion for judgment of acquittal based on the statute of limitations, which is an affirmative defense under Connecticut law. On an appeal by the State, the Connecticut Appellate Court determined that the trial judge's ruling was based on an erroneous interpretation of the statute, reversed the judgment and remanded for further proceedings without deciding whether further prosecution would be barred. *See State v. Kruelski*, 41 Conn.App. 476, 677 A.2d 951 (1996). After the remand, petitioner moved to dismiss based on the Double Jeopardy Clause. The trial court denied the motion, and the Connecticut Appellate Court affirmed. *See State v. Kruelski*, 49 Conn.App. 553, 715 A.2d 796 (1998). The Connecticut Supreme Court granted certification to appeal and affirmed by a vote of 3 to 2. *See State v. Kruelski*, 250 Conn. 1, 737 A.2d 377 (1999). The Supreme Court of the United States denied certiorari and petitioner, having exhausted his state remedies, now comes here. For reasons explained below, I conclude that the petition must be denied.

The Double Jeopardy Clause bars a retrial after a defendant has been found not guilty by the trier of fact, even if the acquittal is clearly erroneous. *See Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *United States v. Lynch*, 162 F.3d 732, 735 (2d Cir.1998). It also bars a retrial after a judicial determination that the prosecution's evidence is insufficient to support a guilty verdict. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). However, not every midtrial ruling granting a defendant's motion to dismiss or for judgment of acquittal bars further prosecution. Under *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" *Id.* at 97, 98 S.Ct. 2187 (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)).

In *Scott*, a motion to dismiss the indictment was granted at the close of all the evidence in a jury trial "on the basis of preindictment delay and the prejudice the district judge found that it caused to defendant's case." *United States v. Scott*, 544 F.2d 903 (6th Cir.1976) (per curiam). The Sixth Circuit held that appellate review of the trial judge's ruling was barred by the Double Jeopardy Clause because the ruling was based on facts established by the evidence at trial. *Id.* at 903–04. The Supreme Court disagreed. The Court explained that the trial judge's ruling did not erect a double jeopardy bar because (1) the defendant had chosen to seek termination of the proceeding on a basis unrelated to "factual guilt or innocence" and (2) the ruling did not establish his lack of "criminal culpability." *See* 437 U.S. at 98–99, 98 S.Ct. 2187. The dissenting justices argued that the decision would create practical problems for courts attempting to determine the double jeopardy consequences of favorable terminations of crimi-

nal proceedings based on various affirmative defenses. *See* 437 U.S. at 114, 98 S.Ct. 2187 (Brennan, J., with White, Marshall and Stevens, JJ., dissenting). The majority responded: "In other circumstances this Court has had no difficulty in distinguishing between those rulings which relate to 'the ultimate question of guilt or innocence' and those which serve other purposes. *Stone v. Powell,* 428 U.S. 465, 490, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). We reject the contrary implication of the dissent that this Court or other courts are incapable of distinguishing between the latter and the former." 437 U.S. at 98 n. 11, 98 S.Ct. 2187.

In light of *Scott,* the double jeopardy issue in this case is whether the trial judge's ruling granting petitioner's motion for judgment of acquittal based on the statute of limitations entails a resolution in petitioner's favor of either an essential element of the offense charged or an issue that relates to the ultimate question of factual guilt or criminal culpability. If it does, it constitutes an acquittal for purposes of double jeopardy; if it does not, it was subject to being set aside on appeal and the jeopardy that attached when the jury was sworn still continues.

Resolving this issue is aided by careful review of the arguments that were presented to the trial judge in connection with petitioner's motion and the trial judge's disposition of those arguments. Petitioner argued that the statute of limitations barred conviction because (1) the evidence showed that he made the offer at issue on July 30, 1993, or at the latest, August 24, 1993, and (2) the warrant for his arrest was not received for service by the police department until after August 24, 1994. *See* Joint Record at 151–52. The State

argued in opposition that the offer was not made until August 24, 1993, that the running of the one year limitations period was tolled when the arrest warrant was issued on August 22, 1994, and that even if tolling did not occur until the warrant was delivered for service, the defendant had failed to prove that the warrant was not delivered for service until after August 24, 1994. *See id.* at 155–56, 166, 169.

█ The trial judge agreed with the State that the evidence showed that petitioner offered to make a home improvement in violation of the statute on August 24, 1993. *See id.* at 171.[1] However, the trial judge rejected the State's position that the running of the limitations period was tolled by issuance of the arrest warrant on August 22, 1994. *See id.* at 172. Agreeing with the defendant, the trial judge held that the running of the limitations period was not tolled until the warrant was actually delivered to a proper officer for service. *See id.* at 173. Based on testimony received at trial, the trial judge found that the warrant was not delivered for service until August 25, 1994, one day beyond the limitations period, and therefore granted the defendant's motion. *See id.* at 173–74.

As this summary shows, the only issue of fact the trial judge resolved in petitioner's favor was the issue of when the warrant was delivered for service. That finding did not determine in petitioner's favor any of the essential elements of the offense with which he is charged. Nor did it resolve in his favor an issue of fact bearing on the ultimate issue of factual guilt or criminal culpability. At most, it resolved an issue of fact that was relevant to, but not dispositive of, his procedural defense

---

1. The trial judge did not exclude the possibility that the jury could make a different finding.

*See* Joint Record at 95.

that the prosecution was not commenced in a timely manner.[2] Under the *Scott* test, such a determination does not constitute an acquittal barring further prosecution.

Petitioner contends that the trial judge's ruling qualifies as an acquittal under *Scott* because the trial judge found that the State's evidence was insufficient to rebut an essentially factual defense. *Scott* states that there is an acquittal when the prosecution fails to submit sufficient evidence to overcome a defense that "necessarily establish[es] the criminal defendant's lack of criminal culpability." 437 U.S. at 98, 98 S.Ct. 2187 (citation omitted). There was no such failure of proof here.

*Scott* states that an acquittal bars further proceedings when " 'it is plain that the District Court ... evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction.' " 437 U.S. at 97, 98 S.Ct. 2187 (*quoting Martin Linen*, 430 U.S. at 572, 97 S.Ct. 1349).[3] If the quoted language is interpreted to refer to evidence offered to rebut a procedural defense, it provides support for petitioner's claim. However, it is difficult to see how that interpretation can be reconciled with the Court's statements in *Scott* that a midtrial ruling requested by a defendant is an acquittal only if it relates to an essential element of the offense or establishes a lack of factual guilt or criminal culpability and is not based on

other considerations. Moreover, such an interpretation would be difficult to reconcile with the Court's rejection of the double jeopardy claim presented in *Scott*. As mentioned earlier, the dismissal of the indictment in that case was based on a finding that the defense had been prejudiced by preindictment delay. In making that finding in light of all the evidence received during the trial, the trial judge implicitly determined that the evidence presented by the government was insufficient to rebut the defense. *See* 544 F.2d at 903.[4]

Petitioner attempts to distinguish this case from *Scott* on the ground that the motion to dismiss filed by the defendant in that case raised issues for the judge alone, whereas under Connecticut law the statute of limitations provides a defense that calls for factfinding by the jury. The case he relies on, *State v. Ali*, 233 Conn. 403, 660 A.2d 337 (1995), states that "the question of whether the execution of the warrant was reasonable is a question of fact for the jury." *Id.* at 415–16, 660 A.2d 337. As we have seen, that is not the issue the trial judge decided here. But putting that aside, petitioner does not explain why the distinction he draws between this case and *Scott* should affect application of the *Scott* test, and in terms of the values protected by the Double Jeopardy Clause it is not clear that it should. The dissenters in *Scott* emphasized that the motion to dis-

2. The issue of when the warrant was delivered for service was not dispositive because, as the State argued and the Appellate Court subsequently held, the one year limitation period is tolled as soon as a warrant is issued, provided the warrant is executed without reasonable delay. In this case, it is undisputed that the warrant was issued on August 22, 1994, and served on August 25, 1994. Given those facts, the Appellate Court concluded that there was no unreasonable delay in executing the warrant as a matter of law. *See* 41 Conn.App. at 487.

3. In *Lynch*, the Court of Appeals referred to this language and stated that "What is decisive for double jeopardy purposes is that the ruling represents a 'judgment ... by the court that the evidence is insufficient to convict.' " (citations omitted). 162 F.3d at 735.

4. Notably, on the remand from the Supreme Court, the Court of Appeals affirmed the judgment for the defendant on the ground that the trial judge's finding was not clearly erroneous. *See United States v. Scott*, 579 F.2d 1013 (6th Cir.1978).

miss presented there could be ruled on only after factual development at trial, *see* 437 U.S. at 112, 98 S.Ct. 2187, and that other more traditional defenses like the statute of limitations are "routinely submitted to the jury." *Id.* at 82, 98 S.Ct. 2187.[5]

This case is like *Wilkett v. United States*, 655 F.2d 1007, 1012 (10th Cir.1981), where the trial judge granted a motion to dismiss filed by two defendants at the end of the government's case based on lack of proof of venue. *See id.* at 1012. When those defendants were once again indicted for the same offense in a different district, they claimed that the termination of the previous trial based on lack of venue barred further prosecution. Applying the *Scott* test, the Tenth Circuit considered whether the defendants had brought about dismissal of the previous indictment on a basis other than adjudication of guilt or innocence. *Id.* After observing that venue in federal criminal cases is a question of fact to be proven by the government by a preponderance of the evidence, the Court wrote:

> Venue is, of course, unlike the substantive facts which bear on guilt or innocence in the case. Venue is wholly neutral; it is a question of procedure, more than anything else, and it does not

either prove or disprove the guilt of the accused. Thus, [the defendants] did not as a result of the action in the trial court have a resolution of some or all of the merits of the offense charged. The termination of the case was not "a resolution, correct or not, of some or all of the federal *elements* of the offense charged." (citations omitted).

655 F.2d at 1011–12.

In this case, as in *Wilkett*, petitioner asked the trial judge to terminate the trial on a basis unrelated to the elements of the offense or the ultimate issue of factual guilt or innocence. His motion was granted over the State's objection. There is no claim that the motion should have been decided before jeopardy attached or that the trial judge acted on his own. The ruling relates to a procedural issue, albeit one that is usually decided by the jury. And the ruling does not establish petitioner's lack of criminal culpability. To the contrary, in the course of ruling on petitioner's motion, the trial judge said he had "no doubt" that petitioner attempted to perform a home improvement without having a certificate of registration. Joint Record at 171. In light of all these factors, the ruling does not constitute an acquittal barring further prosecution.[6]

---

**5.** If the trial judge in this case had charged the jury that delivery of the warrant was necessary to toll the running of the statute of limitations and the jury returned a general verdict of not guilty, the verdict would be unreviewable. That disparity does not help petitioner because the fact remains that he asked the trial judge to take the case from the jury and dismiss it on a basis unrelated to guilt or innocence. *Scott* states that "where a defendant prevails on such a motion, he takes the risk that an appellate court will reverse the trial court." 437 U.S. at 100 n. 13, 98 S.Ct. 2187.

**6.** In *United States v. Maker,* 751 F.2d 614 (3rd Cir.1984), the Third Circuit held that the Double Jeopardy Clause does not bar further

prosecution when a trial court, as a result of legal error, terminates a trial based on a finding that the prosecution cannot prove a fact it need not prove to obtain a conviction. *Id.* at 624. In *Lynch*, the Second Circuit declined to follow that approach in the context of an appeal from a judgment of acquittal entered after a bench trial where the challenged finding of fact related to guilt or innocence. *See* 162 F.3d at 735 ("It does not matter that this factual finding was arrived at under the influence of an erroneous view of the law."), and *id.* at 746 (Feinberg, J., dissenting) ("Because this extra factor was not necessary to prove ... guilt, the government's failure to prove it does not bar this appeal.") (citing *Maker*). Whether the Second Circuit

Permitting a retrial in this case is consistent with the balancing of interests approach adopted in *Scott*, which weighs a defendant's interest in avoiding further proceedings against the public interest in "assuring that each defendant shall be subject to a just judgment on the merits of his case, without 'enhancing the possibility that even though innocent he may be found guilty.'" *Scott*, 437 U.S. at 101, 98 S.Ct. 2187 (*quoting Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)). Allowing the State to proceed will not deprive petitioner of the benefit of a favorable finding relating to guilt or innocence.[7] On the other hand, precluding a retrial would deprive the State of "one complete opportunity" to obtain a conviction. *See Scott*, 437 U.S. at 100, 98 S.Ct. 2187 (quoting *Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)).

■ Even if petitioner's double jeopardy claim has merit, he can obtain relief only if the Connecticut Supreme Court's decision rejecting his claim is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Artuz*, 237 F.3d 147, 151

(2001) (citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). In light of the points and authorities discussed above, I cannot say that the Connecticut Supreme Court's decision is contrary to the principles set forth in *Scott*.[8] Nor can I say that it constitutes an unreasonable application of the *Scott* test of what constitutes an acquittal for purposes of double jeopardy when the defendant obtains a dismissal based on an affirmative defense.

Accordingly, the petition is hereby denied.

---

would follow the Third Circuit's lead in the context of the present case is an open question. That question does not have to be reached unless the trial judge's determination that the warrant was not delivered until after August 24, 1994 is deemed to be in the same category for double jeopardy purposes as a finding of fact on an essential element of the offense. It does not belong in that category because it does not relate to criminal culpability, which is the *Scott* test for determining whether a ruling based on an affirmative defense constitutes an acquittal. *See* 437 U.S. at 98 and n. 11, 98 S.Ct. 2187.

7. Permitting a retrial does give the State another opportunity to convince a factfinder that the date of the violation was August 24,

1993, as alleged in the information, rather than July 30, 1993, as claimed by petitioner in the first trial in support of his statute of limitations defense. However, the trial judge found that the State's evidence was sufficient to prove that the offer was made on the later date and petitioner does not contend that the State has gained any unfair advantage by having tried that issue before.

8. Long before *Scott*, the Supreme Court held that an unappealed dismissal based on the statute of limitations barred a second indictment. *See United States v. Oppenheimer*, 242 U.S. 85, 87–88, 37 S.Ct. 68, 61 L.Ed. 161 (1916). To the extent that decision would bar further prosecution in this case, it is inconsistent with *Scott*.