JOINER, Judge.
This is an appeal by the State from the Winston Circuit Court’s dismissal of a three-count indictment, which was the second indictment based upon the same facts. The second indictment charged Nicklaus Reid Hendrix with three counts of manslaughter, see § 13A-6-3, Ala.Code 1975.[1] A majority of the factual and procedural background of the case was detailed in Hendrix’s brief in support of his motion to dismiss the second indictment. Nothing in the record or the State’s brief on appeal indicates that the State disputes the facts or the procedural history provided in Hendrix’s brief in support of his motion to dismiss.
“On May 10, 2005, at approximately 11:15 p.m., a two car incident occurred on U.S. Highway 278 near the town of Double Springs. The driver of one of the vehicles, Donna Melvin Sides, was killed. The driver of the other vehicle, Nicklaus Reid Hendrix, suffered severe injuries, including a traumatic brain injury (TBF). After a criminal investigation, Hendrix was indicted by a Winston County Grand Jury on February 7, 2006. The three count indictment dated February 7, 2006, concerning Winston Coun *979 ty Case CC-2006-56 (State of Alabama vs. Nicklaus Reid Hendrix) charged [Hendrix] with three counts of vehicular homicide, citing that he ‘willfully, knowingly, or with criminal negligence proximately caused the death of Donna Sides by committing three different traffic violations: speeding, driving on the wrong side of the roadway, and driving under the influence.’
“Because of the scope and severity of his wounds, Hendrix was sent to Taylor Hardin Medical Facility (‘Taylor Hardin’) in Tuscaloosa, Alabama, to complete a mental evaluation as to both his competency to stand trial and his mental state at the time of the alleged offenses. In her November 20, 2006, evaluation, neuropsychologist and certified forensic examiner, Susan D. Gierok, Ph.D., of Taylor Hardin, concluded that Hendrix was incompetent to stand trial and that there was no substantial probability that his competency would be restored in a reasonable amount of time. She also found that Mr. Hendrix did not appear to be at risk for harm to himself or others. Taylor Hardin deferred evaluation of Hendrix’s mental state at the time of the alleged offense.
“On June 5th, 2007, following a competency hearing [in the Winston Circuit Court], an order was issued finding, ‘by clear, unequivocal, and convincing evidence that [Hendrix was] incompetent as a result of mental disease or defect and there [was] no substantial probability that [Hendrix would] become competent at any time, and, further that [Hendrix’s] being at large pose[d] no real and present threat of substantial harm to himself or others.’ It was also ordered by [the Winston Circuit Court] that the charge[s] against [Hendrix] be ‘dismissed with prejudice as to the right of the State to again bring charges.’ This order ivas filed on July 3, 2007, and the State never moved to appeal or modify this order as issued.
“Now, more than eight years after the indictment occurred and over six years after the initial charges against Hendrix were dismissed with prejudice, the State sought to indict Hendrix during Grand Jury proceedings in Winston County. On June 18, 2013, an indictment was issued charging Hendrix with three counts of manslaughter, citing that [Hendrix] recklessly caused the death of Donna Sides by again committing the three different traffic violations of operating a motor vehicle on the left side of the roadway, operating a motor vehicle on a highway at a speed in excess of 55 miles per hour, and operating a motor vehicle while under the influence of alcohol.
“On January 2, 2014, [Hendrix] filed a motion to dismiss the [second] indictment because it was based upon the same facts and circumstances as the first indictment ... which was dismissed with prejudice as to the right of the State to again bring charges. [Hendrix] cited the principles] of res judicata, double jeopardy, and collateral estoppel as being applicable to prohibit the new charges from being brought against [him] and that new charges would violate [his] right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and by Art. I, § 6, of the Alabama Constitution, 1901.”
(C. 51-53 (emphasis added).)
On January 28, 2014, the trial court held a hearing on Hendrix’s motion. Following that hearing, the trial court issued a written order that directed the State to respond to Hendrix’s motion and directed Hendrix to file a response to the State’s response. In its response to Hendrix’s *980 motion, filed March 31, 2014, the State contended that res judicata, double jeopardy, and collateral estoppel were all inapplicable to Hendrix’s case. (C. 27-29.) On April 22, 2014, Hendrix filed his brief in support of his motion to dismiss. (C. 46-76.) On May 1, 2014, the trial court issued a written order granting Hendrix’s motion, finding that “the indictment of June 18, 2013, is hereby dismissed with prejudice.” (C. 77.)
On appeal, the State contends: (1) that the trial court erred when it dismissed the second indictment on double-jeopardy grounds; (2) that, pursuant to Rule 11.6(c)(2)(ii), Ala. R.Crim. P., the trial court’s dismissal of the original indictment with prejudice “did not prevent future indictments, if Hendrix’s mental condition improved” (State’s brief, pp. 3-4); and (3) that the trial court violated Rule 13.6, Ala. R.Crim. P., when it dismissed the second indictment.
As to' the first argument raised by the State, the trial court’s order of dismissal did not state its basis for granting Hendrix’s motion to dismiss. Thus, it is not clear that the trial court dismissed the second indictment on double-jeopardy grounds. In any event, a plain reading of Rule 11, Ala. R.Crim. P., supports the trial court’s order of dismissal in this case, and we therefore need not decide whether the June 2013 indictment implicated constitutional double-jeopardy concerns in this case. ⅜
With respect to the specific issue of an indictment dismissed based on a finding regarding a defendant’s mental incompetency tc stand trial, Rule 11, Ala. R.Crim. P., governs. Pursuant to 'Rule 11.6(c)(2)(ii), Ala. R.Crim. P.,
“[i]f after the hearing the judge or jury determines that the defendant is incompetent and that there is no substantial probability that the defendant will become competent within a reasonable period of time, and if the judge or jury does not find [that the-defendant’s being at large poses a real and present threat of substantial harm to the defendant- or others], the court shall dismiss the charges against the defendant, either with or without prejudice to the right of the State to bring the charges again, and it shall order the defendant released forthwith.”
The Committee Comments to Rule 11.6, Ala. R.Crim. P. (as amended effective January 1, 2000), state that “if there is no present threat of dangerousness, the only alternative left is for the court to release the defendant, and if there is no substantial probability that the defendant will become competent within a reasonable time, the court must dismiss the charges (with or without prejudice).”
As indicated above, the trial court dismissed the original indictment against Hendrix, filed in February 2006, “with prejudice” pursuant to Rule 11.6(c)(2)(ii), Ala. R.Crim. P. Thus, this case presents the question whether, when an indictment is dismissed “with prejudice” under Rule 11.6(c)(2)(ii), Ala. R.Crim. P., a subsequent indictment may be brought asserting new charges based upon the same facts underlying the original, dismissed indictment. Black’s Law Dictionary defines the phrase “with prejudice” as “[w]ith loss of all rights; in a way that finally disposes of a party’s claim and bars any future action on that claim.” Black’s Law Dictionary 1837 (10th ed.2014) (emphasis added). Black’s defines “dismissal with prejudice” as
“[a] dismissal, usu. after an adjudication on the merits, barring the plaintiff from prosecuting any later lawsuit on the same claim. If, after a dismissal with prejudice, the plaintiff files a later suit on the same claim, the defendant in the *981 later suit can assert the defense of res judicata (claim preclusion).”
Black’s Law Dictionary 569 (10th ed.2014).
This Court has stated that
“a defendant ultimately has the right to have a final disposition of the charges against him. In addition, the court also is responsible for the best use of judicial resources. Once a case is set, the court expects both sides to proceed. If one does not, the trial court, within its wide discretion, then decides if the case is to be continued. Busby v. State, 412 So.2d 837, 842 (Ala.Crim.App.1982).
“ ‘There are dismissals that “contemplate that the proceedings will terminate then and there in favor of the defendant” because the defect ... constitutes a permanent bar to prosecution of that charge.’ W. LaFave, Criminal Procedure § 25.3(a) (2d ed.1992); United States v. Scott, 437 U.S. 82, 94, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978), on remand, 579 F.2d 1013, cert. denied, 440 U.S. 929, 99 S.Ct. 1266, 59 L.Ed.2d 486 (1979). While it is the duty of the district attorney to decide whether a criminal act shall be prosecuted, once a warrant or indictment has been initiated, the trial court has the final authority regarding the ultimate disposition of the case.”
State v. McNeill, 716 So.2d 250, 253 (Ala.Crim.App.1998). Therefore, when a trial court orders that an indictment is to be dismissed “with prejudice,” it ultimately disposes of that case and ordinarily prevents subsequent indictments of the defendant based on the same set of operative facts underlying the dismissed indictment.
■ When a trial court is faced with circumstances such as those that exist in this case, Rule 11.6(c)(2), Ala. R.Crim. P., makes it clear that the trial court has the option of dismissing an indictment either with or without prejudice as to the right of the State to bring subsequent charges against a defendant. Rule 11.6(e), Ala. R.Crim. P., however, provides that the “court, for good cause, may, at any time, modify any order issued under Rule 11.6(c)(2) or (3).” (Emphasis added.) Therefore, the State could have requested that the trial court modify its 2007 order dismissing the original indictment against Hendrix to change the language from “with prejudice” to “without prejudice.” As the State does not dispute, however, it did not do so; instead, it simply chose to reindict Hendrix.
Because the February 2006 indictment against Hendrix was dismissed with prejudice, and because the State did not attempt to have the order of dismissal modified, we cannot say that the trial court abused its discretion in dismissing the second indictment against Hendrix, filed in June 2013, that was based on the same facts as the February 2006 indictment.[2]
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
WTNDOM, P.J., and WELCH, KELLUM, and BURKE, JJ„ concur.

. The original indictment charged Hendrix with three counts of vehicular homicide.

. Our resolution of this appeal on this basis renders it unnecessary to address the remaining issues the State raises on appeal.